Harold J. Hughes, J.
This is a motion by plaintiff for a preliminary injunction. Defendant has cross-moved for summary judgment dismissing the complaint.
Plaintiff is the owner of a motel in the Town of Brunswick. On its premises are a number of signs advertising its business. On March 8, 1973, defendant, through its Town Board, passed Local Law No. 1 of the Local Laws of 1973, known as the “ Sign Law ”. The law expressly provides that it is intended to supersede all previous sign regulations contained in the zoning ordinance enacted by the Town of Brunswick in 1958.
On May 12, 1973, the plaintiff received from the sign administrator a preliminary sign review report which informed plaintiff that it was in violation of the ordinance and that certain signs had to be removed; it was stated in the report that if the plaintiff failed to act it would be required to appear before the Town Justice and would be subject to the penalties prescribed by law.
*1002 Thereafter, plaintiff commenced the present action for a judgment declaring the sign law to be invalid aid enjoining its enforcement. For the reasons expressed hereinafter, the court concludes that the sign law is invalid and defendant must be enjoined from enforcing it.
There is, of course, no question but that the íown of Brunswick may validly pass an ordinance regulating the use of signs (see Matter of Cromwell v. Ferrier, 19 N Y 2d 263). The power of a town to enact and enforce zoning regulations is based upon the enabling acts of the Legislature or the statute of. local governments ; towns do not have the inherent power to enact zoning ordinances (1 Anderson, New York Zoning [2d ed.], § 3.06).
Plaintiff contends that the present ordinance is invalid in that section 17 thereof provides for review before the Town Board and not before the Zoning Board of Appeals as required by section 267 of the Town Law. Subdivision 2 of section 267 of the Town Law in part provides that the ‘ ‘ board of appeals •shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article ” (emphasis supplied).
The grant of power for enactments under article 16 of the Town Law is contained in section 261. That section empowers town boards, for the purpose of. promoting the health, safety, morals or the general welfare of the community to regulate by ordinance the height, number and size of buildings and other structures. It is clear that signs are “ other structures ” within the meaning of this section (see 1 Anderson, New York Zoning [2d éd.], p. 622).
Although the present ordinance clearly comes within the express purpose of article 16 of the Town Law, defendant argues that the ordinance was not passed pursuant to this article. It contends that the law was passed pursuant to section 10 of the Municipal Home Rule Law. It is true that the power conferred by certain, portions of that statute would enable the defendant to enact the legislation in question. It is noted, however, that the grant of power found in section 10, by the wording of the statute itself, is in addition to powers granted in any other law; and that pursuant to paragraph (ii) of subdivision 1 of section 10, any local law adopted shall not be inconsistent with any general law relating to the subject in question. Moreover, as one commentator has pointed out,- 1‘ Under the new Municipal Home Rule Law and the Statute of Local Governments, the power of a town to adopt and enforce zoning regulations will *1003 remain subject to the legislative limitations which exist”. (1 Anderson, New York Zoning [2d ed.], § 3.06, p. 85.)
By reason of the foregoing, the court holds that section 17 of the sign law is invalid because the review procedures are not in conformity with subdivision 2 of section 267 of the Town Law.
The court also concludes that the ordinance was improperly adopted since the proposed law was not reviewed by the Rensselaer County Planning Commission as required by section 239-m of the General Municipal Law. Defendant’s contention that the ordinance is not a “ municipal zoning regulation ” is without merit.
As to plaintiff’s final contention, asserted in its third cause of action, that it has certain grandfather rights, it would appear from the affidavits submitted that there are issues of fact as to whether and to what extent these rights exist.
The court hereby grants summary judgment in favor of plaintiff and declares that Local Law No. 1 of the Local Laws of 1973 to regulate signs is invalid in that it was improperly enacted and that section 17 thereof is invalid as being in conflict with subdivision 2 of section 267 of the Town Law; defendant is hereby restrained from enforcing said ordinance.