HON. SAMUEL DATTILO Town Attorney, Penfield
This is in response to a letter from Ralph Code, Counsel to the Town Attorney of the Town of Penfield, requesting the opinion of the Attorney General concerning the following matter: The Code of the Town of Penfield contains a certain section, 29-25, which provides that persons aggrieved by a determination of the Town's Zoning Board of Appeals may appeal to the Town Board by filing written notice of the appeal with the Town Clerk within 10 days after the determination is made. The Town wishes to know whether this provision is proper in view of the fact that section 267 of the Town Law provides that appeals from a decision by a Zoning Board of Appeals is by an Article 78 proceeding to the Supreme Court.
Section 29-25 of the Code of the Town of Penfield provides as follows:
 "Section 29-25. Appeal from decisions of Zoning Board of Appeals
 "Any interested or aggrieved person may appeal to the Town Board from any action, decision or determination of the Zoning Board of Appeals by filing a written notice of such appeal with the Clerk of the Town of Penfield within ten (10) days after such action, decision or determination has been taken or made. The Town Board shall thereafter hear and determine such appeal upon the evidence produced before the Zoning Board of Appeals or upon such new or additional evidence as it shall see fit to receive."
Town Law, § 267 (7) provides in pertinent part, as follows:
"§ 267. Board of Appeals
* * *
 "7. Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the town, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be instituted within thirty days after the filing of a decision in the office of the town clerk. * * *"
As a general proposition, local governments have no authority to enact local legislation inconsistent with a general state law. (City of Corning v. Corning Police Dept., 81 Misc.2d 294
[Sup. Ct., Steuben Co., 1975].) (See New York State Constitution, Art. IX, § 2[c]; Municipal Home Rule Law, § 10[1].) A general law is a state statute which applies alike to, among other municipalities, all towns. (New York State Constitution, Art. IX, § 3[d][1]; Municipal Home Rule Law, § 2[5].) As such, section 267
of the Town Law is a general law since it applies without exception to all towns.
It is apparent that the provision of the Penfield Town Code whereby appeals from the Zoning Board of Appeals may be taken to the Town Board is inconsistent with section 267 of the Town Law. In an analagous case, Friendly Hillside Motel, Inc. v. Town ofBrunswick (74 Misc.2d 1001 [Renss, Co. Sup. Ct., 1973]), the defendant town adopted a sign ordinance providing for review of administrative action before the Town Board and not before the Zoning Board of Appeals as required by section 267 (2) of the Town Law. The Court held that the ordinance was invalid because the review procedures conflicted with section 267 (2). In the present instance, the appeal procedure prescribed by the Penfield Town Code conflicts with the procedure required by section 267.
We conclude that section 29-25 of the Code of the Town of Penfield, providing that appeals from the Zoning Board of Appeals may be taken to the Town Board, is inconsistent with section 267
(7) of the Town Law and is, therefore, invalid.