Richard J. Cardamone, J.
This action was instituted by the plaintiff, Town of Schroeppel, Oswego County, New York, to enjoin the defendants from continuing a nonconforming use in violation of the Zoning Ordinance of the said town. As an affirmative defense, the defendants asserted that the Zoning Ordinance adopted by the Town of Schroeppel on December 11, 1952 is unconstitutional and void, on the grounds that its enactment did not meet the requirements of section 264 of the Town Law. The defendants further asserted that any nonconforming use of their land was in existence prior to the enactment of the Zoning Ordinance and that there was no extension of such use subsequent thereto.
Briefly, the facts are as follows: the defendant, Fanny Spector, purchased two parcels of land in the Town of Schroeppel on March 24,1951 for $8,500. The property, located on the outskirts of the Village of Phoenix in the town, consists of two parcels, both fronting on Route 57 (assumed during the trial to run north and south) the first of which contained 3.36 acres on the westerly side of Route 57 and the second, about 57 acres on the easterly side of Route 57. Thereafter, Spector Auto Parts Corporation, operated by members of Fanny Spector’s family, began to use these premises as an automobile junk yard. First, the smaller portion on the westerly side of Route 57 was put to use and, subsequently, starting at the easterly edge of the road, the larger parcel was used.
Philip and Joseph Spector and their employee, Wendell Cook, testified that by 1953 there were a total of 1,500 to 2,500 ears spotted all over the westerly parcel and over a large part of the easterly parcel north and south of a lane which divides that parcel and in an area running from the highway (Route 57) back to a drainage ditch. Other witnesses (Post, Dilg & Smith) testified that there were 200 to 300 cars on the defendants’ property, “ most ” (125 to 150) on the westerly parcel, “ a few” (25 to 50) on the easterly parcel north of the lane, and “ 2 ” or “ 3 ” or ‘ ‘ 4 ” on the easterly parcel south of the lane on April 13, 1953 (the effective date of the Zoning Ordinance). This court finds the facts to be as testified to by the latter witnesses. That is, there were less than 50 cars on the easterly side of the State highway, all of them located *292 at the highway edge of the 57-acre parcel and approximately 150 cars on the 3-acre westerly parcel.
In the conduct of this junk yard some vehicles were removed and sold. Others were added from time to time. Some of the vehicles originally placed on these two parcels are still there. An influx in volume of vehicles on the premises took place commencing in 1957, so that today there are at least 2,500 vehicles on the premises covering all of the westerly parcel and filling the easterly parcel north and south of the lane from the State highway (Route 57) back to the drainage ditch.
On April 13, 1951 the Town Board of the plaintiff township adopted a resolution which lead to the appointment of a Zoning Commission for the town. The Zoning Commission prepared a proposed Zoning Ordinance for the Town of Schroeppel, a public bearing was held and, subsequently, the proposed zoning regulations were filed in the office of the Town Clerk on October 4, 1952. The public hearing was held on November 13, 1952 and the proposed Zoning Ordinance was adopted by the Town Board at its regular meeting on December 11, 1952. The entry made by the Town Clerk at the time of that meeting reads as follows: “Motion made by H. T. Dight that the Zoning
Ordinance, in accordance with the recommendation as presented by the Zoning Committee and their attorney, be accepted. Motion was seconded by R. E. Hopkins and the Motion was carried. ’ ’ On April 3, 1953 the Zoning Ordinance was published in the Phoenix Register and a facsimile was posted on the Town Clerk’s bulletin board. The testimony at the time of the trial shows that a newspaper proof of the Phoenix Register, dated Friday April 3, 1953, entitled ‘ ‘ Proposed Zoning Resolutions— Town of Schroeppel, New York ”, was inserted between the bound pages of the Town Clerk’s minute book. The zoning map referred to in the ordinance was placed on the bulletin board in the Clerk’s office.
The Zoning Ordinance, as adopted, made the use of defendants’ parcels of land as “junk yards” nonconforming uses, and proscribed their termination within three years of the date of the ordinance.
The Legislature of the State of New York in 1952 (L. 1952, ch. 623) mandated certain requisites to the enactment of a zoning ordinance and established the following procedural steps which have to be fulfilled. These are set forth in section 264 of the Town Law:
A public hearing on 10 days’ notice, must be held.
Every zoning ordinance and every amendment thereto (including any map incorporated therein) adopted by such *293 a municipality shall he entered in the minutes of the Town Board (or Village Board).
A copy thereof (exclusive of any map incorporated therein) must be published.
A copy of such ordinance, together with a copy of any map incorporated therein, must be posted, and
Proof of the posting and publication made in accordance with the respective statute.
Generally, procedures outlined in the zoning statutes must be strictly adhered to (Matter of 440 E. 102nd St. Corp. v. Murdock, 285 N. Y. 298 [1941]; People ex rel. Ortenberg v. Bales, 224 App. Div. 87 [2d Dept., 1928], affd. 250 N. Y. 598 [1929]; Matter of Multiplex Garages v. Walsh, 241 N. Y. 527 [1925]). It has long been established, however, that only a ‘ ‘ departure, in substance, from the formula prescribed by law vitiates the proceedings ” (Merritt v. Village of Portchester, 71 N. Y. 309, 312 [1877]; emphasis supplied).
The only question raised here is whether the procedure followed by the Town Clerk of the plaintiff town in inserting a newspaper proof of the Zoning Ordinance into the minute book complied with the requisite of section 264 which states that 1 ‘ every zoning ordinance * * * shall be entered in the minutes of the town board ”. We think that it did.
The word “enter” has been defined to mean “inscribe”, “ enroll ”, “ record ”, “to be inserted (into) ”, “to effect the insertion” or “become part of”. (Webster, New International Dictionary [2d ed., 1936].) We do not believe that it was the legislative intent to have the Zoning Ordinance written down word for word in the Clerk’s minutes. As long as a copy of the Zoning Ordinance was attached physically to the minutes and the accompanying map was posted on the Clerk’s bulletin board, both available for inspection by the public, a compliance, in substance, with section 264 of the Town Law has taken place. (Quick v. Town of Owego, 11 A D 2d 285 [3d Dept., 1960], affd. 8 N Y 2d 1144 [1960].)
Declaring that the Zoning Ordinance in question is invalid, 11 years after its enactment, may very well have a chaotic effect on the community involved. During this period of time, undoubtedly, changes in conditions involving property interests have taken place. (Matter of Longo v. Eilers, 196 Misc. 909 [Suffolk County, 1949].)
The defendants have raised, as a defense to the enforcement of this Zoning Ordinance, the issue of 1‘ hardship ’ The Court of Appeals, following decisions in other jurisdictions, has held that the elimination of nonconforming uses is constitutional, *294 if reasonably provided for and if such can be effectuated without producing too great a hardship on the property owner. (Matter of Harbison v. City of Buffalo, 4 N Y 2d 553 [1958].) At the time of the enactment of the Zoning Ordinance in question, a very small portion of the 57-acre easterly parcel of the defendants’ property was being used as a junk yard. There were no more than 50 cars located on the easterly parcel in 1953 and approximately 150 cars on the westerly parcel. The hardship involved in removing those in April of 1953 would have been relatively “ slight and insubstantial ”. (People v. Miller, 304 N. Y. 105, 108 [1952]; People v. Kesbec, Inc., 281 N. Y. 785 [1939]; People v. Wolfe, 272 N. Y. 608 [1936].) The defendants, however, ignored the existence of the ordinance and continued to pile more junks on this property. They should not now be heard to complain of the “ hardship ” which they themselves multiplied. In any event, the expense of removing the auto junks in question, using the defendants’ own estimates at the trial, does not make out, in this court’s opinion, hardship, under all the circumstances of this ease. Two hundred automobile junks accumulated from 1951 to April of 1953 on these two parcels of defendants’ land is not so substantial a business interest, nor has it been built up over such a period of years as to have acquired for the defendants a vested right to continue despite the provisions of the Zoning Ordinance of the plaintiff town. (People v. Miller, supra.)
This court determines that the present use of the easterly parcel is an extension of a nonconforming use. The present use of the westerly parcel is the continuation of a nonconforming use. Both of these uses must cease. (Breed v. Town of Clay, 21 Misc 2d 856 [Supreme Ct., Onondaga County, 1959], app. dsmd. 11 A D 2d 625 [4th Dept. 1960].)
The decree submitted herein should provide for an 18-month period, commencing from the date of entry of the judgment, for the removal of the autos and junks from these two parcels.
The decree should also make provision limiting the relief of the plaintiff town to the cessation of the nonconforming uses, eliminating any possible future proceedings against the defendants under the penalties and remedies provisions of the Zoning Ordinance.
This court determines that the plaintiff town’s Zoning Ordinance was validly enacted; that the defendants are in violation of the said Zoning Ordinance; that the use of the defendants’ real property is a nonconforming use which must be terminated under the provisions of the plaintiff town’s Zoning Ordinance; *295 that the hardship involved on the defendants is relatively slight and insubstantial.
This memorandum is in accordance with CPLB 4213, subd. (b) and is in lieu of findings of fact and conclusions of law. Submit decree accordingly, without costs.