Charles M. Hughes, J.
This is an article 78 proceeding in which one John Festino, the petitioner herein, seeks to have vacated and set aside a decision of the Board of Appeals of the Town of Grlenville. The Board of Appeals revoked an “ Existing Use Permit ” issued by one Edward M. Weidman, the Building Inspector of the Town of Grlenville. This permit gave the petitioner in this proceeding the authority to dig shale as a commercial proposition in a zone which is zoned “ Residential ” under the town’s new zoning ordinance.
After this proceeding was commenced, Richard J. Dunham, Alfred Brothers and Robert J. Weber were, by stipulation and order, permitted to intervene in this proceeding. These three intervenors were the appellants before the Board of Appeals of the Town of Bienville.
The following facts have been established: The original zoning ordinance of the Town of Bienville was passed in 1931 and it left unzoned the area which is the subject matter of this action. In 1951, the Town Board adopted a resolution amending the zoning law in accordance with a map dated February 6, 1951. The map was to have designated most of the property in the town, including the premises owned by the petitioner in this proceeding in an “A” single-family residence district. The proof before the Board of Appeals established that the petitioner and his predecessor in title had conducted a shale pit operation and that the same was in existence in 1959 and that shale was taken from the property a number of years prior to that date, as well as in the subsequent years of 1960, 1961, 1962 and 1963.
On July 2, 1963, the Board of the Town of Bienville duly adopted a completely new zoning ordinance with an accompanying map and schedule. This new ordinance is in no way in question on this proceeding. At the time of adoption of said ordinance, the petitioner herein, a resident of the Town of Bienville, was the record owner of certain lands on Wolf Hollow Road in the Town of Bienville which are the subject matter of this proceeding. At the time of the adoption of the ordinance, the petitioner was engaged in the business of selling shale from a portion of his lands on Wolf Hollow Road.
On October 1, 1963, the petitioner made an application to the Building Inspector for an “ Existing Use Permit ” relating to the existing use of a portion of said lands pursuant to the pro *150 visions of section 10 of the new ordinance. Section 10, in effect, recognizes nonconforming uses and permits their continued existence upon the condition that the owner obtain a so-called ‘1 Existing Use Permit”. On October 25, 1963, the Building Inspector, after an investigation, duly issued a so-called ‘ ‘ Existing Use Permit ”, On March 19,1964, the appellants, the intervenors herein, appealed to the Board of Appeals from the decision of the Building Inspector who granted an “ Existing Use Permit ” to the petitioner. As a result of said hearing upon which proof was taken, the Board of Appeals revoked the preexisting use permit issued by the Building Inspector. The board’s action assumed the validity of the 1951 amending resolution. This proceeding was then brought by the petitioner for a review of that determination.
It is the petitioner’s contention that the Town of Glenville never adopted a valid zoning ordinance in reference to the petitioner’s property prior to the adoption of the existing ordinance of July 2, 1963, that is, that the zoning ordinance of 1951 which classified the petitioner’s property as residential, was invalid. The petitioner’s contention is based upon the ground that no proper affidavits of publication and posting were ever made or filed in the office of the Town Clerk in accordance with section 264 of the Town Law. The petitioner further contends that the 1951 amending resolution referred to a highway map and other maps called Randall Maps ” and that the same were not official maps, and, further, that the amending resolution did not classify any of the area located on the map for a particular use. It is the petitioner’s contention that no one examining the resolution and the map could determine what zoning, if any, existed in the area involved in this proceeding.
Section 264 of the Town Law provides as follows:
“ The town board shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed. However, no such regulation, restrictions or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. * * *
“ Every zoning ordinance and every amendment to a zoning ordinance (including any map incorporated therein) adopted pursuant to the provisions of this chapter shall be entered in the minutes of the town board and a copy thereof (exclusive of any map incorporated therein) shall be published once in a newspaper published in the town, if any, or in such newspaper *151 published in the county in which such town may be located having a circulation in such town, as the town board may designate, and a copy of such ordinance or amendment together with a copy of any map incorporated therein shall be posted on the sign board maintained by the town clerk pursuant to subdivision six of section thirty of this chapter, and affidavits of the publication and posting thereof shall be filed with the town clerk. Such ordinance shall take effect ten days after such publication and posting, but such ordinance or amendment shall take effect from the date of its service as against a person served personally with a copy thereof, certified by the town clerk under the corporate seal of the town; and showing the date of its passage and entry in the minutes.”
The following proof was submitted by the Town of Glenville and the intervenors relative to compliance with section 264 of the Town Law. Counsel for the petitioner conceded upon the trial that a proper public hearing was held by the Town Board on February 6,1951. The proof also shows that the Town Board on March 6, 1951 passed a resolution designated as Resolution No. 20 whereby it proceeded to amend the Zoning Law of the Town of Glenville.
The testimony on this hearing relating to posting was given by one Howard E. Pitcher who testified that he had affixed a copy of the resolution to the bulletin board in the Town Clerk’s office. He said he signed an affidavit of posting on the day he posted a copy of the resolution in question. The proof further shows that there was an effort made to locate the affidavit of posting. However, the same was unfruitful. No affidavit of posting was introduced into evidence before the court. Howard E. Pitcher further testified that no map was attached or accompanied the posting of the copy of the resolution.
The respondent town further submitted in evidence a map which had the following legend on the same: “Highway Map, Town of Glenville, Schenectady, New York, January 1, 1938, W. W. Chadsey, County Supt. of Highways ”. A legend also appears on the map setting forth that it is also a zoning map. Another legend also further appears on the map as follows: “February 6, 1951, W. E. Maxwell, Town Engineer”. An examination of the Town Boaid resolution and the map itself fails to reveal the manner in which the area was to be zoned or as to what change of zoning was to take place. The legend contained in the area referred to by the resolution of the Town Board read as follows: “ To be zoned ”. The amending resolution or the map itself do not reveal in any manner whatsoever as to what was the nature of the amendment. The zoning map *152 itself, although it carries a legend that all areas in white are single-family residence districts and certain other colored sections are other types of districts, does not carry any color scheme whatsoever but is white in its entirety. An individual examining the resolution and the map would be left totally uninformed as to what the nature of the amendment was and what it covered and whether he was in any way whatsoever affected.
The affidavit of publication of the resolution reveals that the map referred to therein was the map of Walter E. Maxwell dated the 4th day of February, 1951 and the resolution itself refers to a map of Walter E. Maxwell dated the 6th day of February, 1951. The court, however, does not consider that this minor transposition of dates in and of itself would make the ordinance invalid.
The failure of the amending ordinance to spell out the nature of the amendment as well as the incompleteness of the so-called zoning map to apprise anyone as to the nature of the amendment requires this court to. declare the amending resolution enacted on February 6, 1951 to be invalid and of no legal force and effect. The respondents’ failure to comply with the requirements of section 264 of the Town Law is fatal to the validity of the amendment enacted as of February 6, 1951. The map was not posted actually or constructively. In any event, the posting of the map would have failed to cure the incompleteness of the resolution inasmuch as the map itself was incomplete and defective in many respects.
The court has found the case of Soron Realty Co. v. Town of Geddes (23 A D 2d 165) decided in the Fourth Department, May 13, 1965, to be very helpful, as well as in the cases of Quick v. Town of Owego (11 A D 2d 285, affd. 8 N Y 2d 1144, remittitur amd. 9 N Y 2d 649) and Kenney v. Village of LeRoy (22 A D 2d 159). The courts have consistently held that every property owner is.entitled to know with precision in which one of two districts his property has been placed and that all the procedural steps required by the enabling acts of municipalities are regarded as mandatory, and failure to comply with them will require an invalidation of the enactment.
In view of the court’s conclusion that the amendment to the zoning ordinance was invalid by reason of failure to comply with the provisions of section 264 of the Town Law, it is not necessary to pass upon the other grounds of invalidity as asserted by the petitioner. It is sufficient here to say that the proof established the petitioner and his predecessor in title were using the premises in question for a commercial shale pit operation and that as such, it could either be referred to as a nonconforming *153 use or a so-called “ Pre-Existing Use ”, as the same is used in the new zoning ordinance of the Town of Glenville.
The case of Barry v. Town of Glenville (8 N Y 2d 1153) involved the Town of Glenville with other parties who are not before the court in this action, and, consequently, that case was not res judicata as to this matter. The court was very conversant with that case inasmuch as it was tried before this court.
The court, accordingly, grants judgment to the petitioner directing that the decision of the Board of Appeals of the Town of Glenville, New York, is set aside as null and void, and that its determination revoking the “ Existing Use Permit ” issued to the petitioner is hereby reversed.