TOWN OF LIMA, Respondent, *v.* ROBERT SLOCUM ENTERPRISES, INC., et al., Appellants.

Fourth Department, April 19, 1972.

*Corcoran, Buyck, Baxter, Springer, Gerace & Fitzsimmons* (*James B. Fitzsimmons* of counsel), for appellants.

*Martin, Dutcher, Cooke, Mousaw & Vigdor* (*Richard S. Mayberry* and *Joel N. Krane* of counsel), for respondent.

WITMER, J. Defendants appeal from a judgment entered after trial upon stipulated facts under CPLR 3222. The judgment enjoins defendants from continuing the conduct of a retail sales business on their premises at the corner of Gale Road and Rochester Street in the plaintiff Town of Lima, except insofar as defendants conducted such business there prior to November 1, 1961, the effective date of the town zoning ordinance. The issue presented is whether that ordinance was lawfully enacted. Defendants contend (1) that the Town Board of plaintiff failed to give proper notice of public hearing of enactment of the ordinance and (2) that the ordinance, even if otherwise lawfully adopted, did not become effective because sufficient proof of publication and posting of its enactment was not made and filed.

The ordinance was purportedly adopted under the authority and in accordance with the provisions of section 264 of the Town Law. That statute specifies the manner in which a town board may adopt and amend a zoning ordinance. It provides that a public hearing be held upon a proposed ordinance "at which parties in interest and citizens shall have an opportunity to be heard. At least ten days' notice of the time and place of such hearing shall be published in a paper of general circulation in such town and a written notice of any proposed change or amendment affecting * * * property within five hundred feet of the boundaries of any city, village, town, county, state

park or parkways shall be given    \*   \*   \*   in the case of a city, village or town to the clerk of such city, village or town, and in the case of a county, to the clerk of the board of supervisors or other person performing like duties, at least ten days prior to the date of such public hearing. Such city, village, town or county shall have the right to appear and to be heard at such public hearing with respect to any such proposed change or amendment, but shall not have the right of review by a court as hereinafter provided.'' The section also provides that every ordinance or amendment adopted shall be entered in the Town Board minutes, a copy thereof published and a copy together with a map incorporated therein posted, and '' affidavits of the publication and posting thereof   \*   \*   \*   filed with the town clerk.'' The ordinance '' shall take effect ten days after such publication and posting ''.

It was stipulated that 11 municipal corporations, consisting of three counties, six towns and two villages, were entitled to notice of the proposed ordinance under section 264 of the Town Law; that in a preliminary proceeding defendants subpoenaed the records of the Town Clerk of Lima and of the Clerks of the 11 municipalities above referred to; that it was found that many of said Clerks had no record of receiving such a notice, but two of them had record of receiving such notice; and that the minutes of the Town Board meeting of September 13, 1961 indicate that the Town Clerk had been instructed to give notice of the hearing, to be held October 2, 1961, with respect to the proposed ordinance '' to the Town Clerks of all adjacent towns, to the Village Clerks of Lima and Honeoye Falls, to the Clerks of the Board of Supervisors of Monroe, Ontario Counties.'' It is observed that the instructions did not include notice to the County of Livingston in which the Town of Lima is situated. The Town Clerk testified that she generally followed such directions given to her, but that she had no recollection of the notices which she sent out on this occasion. It was stipulated that notice of the adoption of the zoning ordinance was properly published and posted; but in response to subpoena the Clerk did not produce affidavits of such publication and posting.

Upon the stipulated facts the trial court inferred and found that proper notices of hearing were sent to all of said municipalities except the County of Livingston. It held that the statute required the town to give such notice to the County of Livingston, but that such requirement was directory, not mandatory, and that the failure to comply with it in this respect does not create rights enforceable by defendants; that the Town

substantially complied with the provisions of section 264 of the Town Law; and that the ordinance was legally enacted and is valid. In its memorandum decision the court did not consider defendants' contention to us that the ordinance is invalid because an affidavit of compliance with the posting and publication requirements of section 264 was not filed.

It is contended in behalf of the town that because of the use of the words "change or amendment" in section 264 of the Town Law, that section does not apply to an original enactment of a town zoning ordinance and, hence, that it was not necessary that notice of hearing on the proposed ordinance be given to governmental entities having boundaries within five hundred feet of the property to be zoned. We disagree. The legislative history of chapter 83 of the Laws of 1956, at which time such notice requirement was imposed, suggests no intention to limit the occasions when the notice is required. Although section 264 of the Town Law appears to be inexpertly drafted in its references to enactments, changes and amendments, the word "change" can refer to the change of conditions to be wrought by an enactment which creates a zoning ordinance where none had existed as well as by amending an ordinance. Moreover, no persuasive reason can be advanced to suggest why notice should not be required in each instance. We note also that section 265 of the Town Law was enacted specifically to provide for zoning changes. This contention by the town, therefore, cannot be accepted.

Likewise, we find no merit in the argument that the defendants, for failure to show specific prejudice, lack standing to attack the ordinance on the ground that the town failed to provide notice to the adjoining governmental entities. It has uniformly been held that notice requirements protect the public interest and, therefore, that reasonably sufficient notice must be given. These requirements are essential, and substantial departures therefrom affect the regularity of the hearing and hence invalidate an ordinance (cf. *Albright* v. *Town of Manlius*, 34 A D 2d 419, mod. 28 N Y 2d 108, rearg. den. 29 N Y 2d 649). When a substantial departure from such notice requirements is shown, the party attacking the ordinance need not show that he was among those not given notice, that the ordinance would not have passed if proper notice had been given, or any other form of specific prejudice. We are not persuaded that the provision of section 264 of the Town Law precluding an adjoining municipality from seeking review of an enacted ordinance implies that the Legislature intended that the failure to comply

with the notice requirements as to such entities should be treated as a mere irregularity or that a person affected by the enactment could not contest its validity on such ground. Accordingly, we hold that defendants, as persons who are affected by the ordinance, have standing to raise that question.

In our view, however, defendants have failed to establish that the town omitted any notice requirement mandated by law, for two reasons — one a matter of evidence and the other a matter of law. First, the inferences drawn by the trial court that the surrounding municipalities, other than the County of Livingston, were notified, should be affirmed as reasonable and permissible. These findings have sufficient support in the facts that instructions were given to the Town Clerk to send the required notices, that the Town Clerk generally followed such instructions, that here the instructions were followed at least with respect to two of the governmental entities, that no reason appears why the instructions would have been followed with respect to some but not all of such entities, and it is not proven that recorded entries would have been made by these other municipalities if they had received notice.

Second, we find that notice of the proposed zoning enactment was not required to be given to Livingston County because, as we construe section 264 of the Town Law, it is not required that a town give such notice to the county within which it lies. That section provides that notice shall be given " of any proposed change or amendment affecting * * * property within five hundred feet of the boundaries of any * * * county ". We note that a town located in the interior of a county will have none of its property within 500 feet of the *county's* boundaries. If a town so located need not give notice to the county within which it lies, then the same rule should apply with respect to a town located at the boundary of its county unless, of course, the county has a greater interest in a change of zoning in the one case than in the other. Section 239-m of the General Municipal Law (L 1960, ch. 1041) provides that a Town Board shall, before taking final action on the adoption or amendment of zoning regulations, refer the matter to the county planning agency. That section applies to all towns in a county whenever the property affected lies within 500 feet from the boundary of the *town,* and there is therefore no distinction between towns sharing the border of the county and those that do not. In order to avoid disparate treatment of towns and a technical construction of the word " boundary ", and because an alternative method of notice has been provided

for in the General Municipal Law, we adopt the construction of section 264 of the Town Law advanced by the town and hold that a governmental entity within a county is not required under that section to give notice to its own county.

Because we hold that section 239-m of the General Municipal Law governs the notice requirements between the town and the County of Livingston, we must consider the effect of that statute in this case. The evidence here presented does not permit a finding as to whether the town referred the ordinance to the county planning commission in accordance with section 239-m of the General Municipal Law. In fact we are not informed whether, at the relevant time, the County of Livingston had established a planning commission which was entitled to notice.

The subpoenas issued by defendant to the Clerk of the Board of Supervisors of Livingston County would not have elicited evidence as to whether the Livingston County planning commission had received notice. Since the county planning commission, if it existed, should have received notice 30 days prior to the hearing while other municipalities were to have 10 days' notice, it would not be surprising that the instructions to send notices to such other municipalities did not include the Livingston County planning board. Without any showing in these respects, it is appropriate to apply the principle that an ordinance is presumptively valid and that the defendants have not established lack of compliance with section 239-m of the General Municipal Law.

The final question raised is whether the Town Clerk's failure to file affidavits attesting to due publication and posting should invalidate this ordinance, in face of the admission that the ordinance was in fact properly published and posted. We hold that it should not.

The authorities advanced by both sides establish certain general principles. We have stated that, " The procedural steps required by the enabling acts of municipalities are regarded as mandatory and failure to comply therewith invalidates the enactment " (*Keeney* v. *Village of LeRoy,* 22 A D 2d 159, 163; see, also, *Barry* v. *Town of Glenville,* 8 N Y 2d 1153; *Soron Realty Co.* v. *Town of Geddes,* 23 A D 2d 165). It is, however, firmly established that " It is a ' departure of substance ' from the formula prescribed by law that results in judicial interdiction of such an ordinance " (*Quick* v. *Town of Owego,* 11 A D 2d 285, 287, affd. 8 N Y 2d 1144, remittitur amd. 9 N Y 2d 649, quoting from *Merritt* v. *Village of Portchester,* 71 N. Y. 309, 312; and, see *Town of Schroeppel* v. *Spector,* 43 Misc 2d 290,

293). In determining whether a particular irregularity is a "departure of substance" it is essential to examine the purpose of the particular procedural step and judge whether that purpose has been frustrated to the possible detriment of the public or the affected property owners.

*Northern Operating Corp.* v. *Town of Ramapo* (26 N Y 2d 404) sets forth the governing principles which impel us to affirm. There, the court rejected the contention that an ordinance was invalid for purported failure of the Town Board to follow the formal statutory requirements, and declared that the ordinance was valid. The record in that case showed that a copy of the ordinance as enacted on December 29, 1966 was duly and timely published, posted and entered in the Town Board's minutes. The ordinance, however, was not incorporated into the ordinance book as required by section 30 of the Town Law until October 23, 1967. Significantly, the court listed "three essential requirements", the entry of the ordinance in the minutes of the Town Board, publication, and posting. The court discussed together two ancillary matters, entry in pursuance of section 30 of the Town Law, and the filing of affidavits as required by section 264 of the Town Law and then reasoned that the failure by the Town Clerk to comply with the entry provision of section 30 of the Town Law "should not invalidate the public action of the board itself unless there is some resulting uncertainty about what was enacted to someone's detriment" (p. 408).

Applying similar analysis to the instant case, we note that the purpose underlying the statute's requirement that affidavits be filed is, as the town argues, purely evidentiary; it is designed to establish a simple method for the town to prove compliance with the laws' posting and publishing provisions. Here, alternative methods of proof are available and the failure to file affidavits has not produced any uncertainty about what was done to someone's detriment. The Legislature could not have intended that the failure of the town officials to comply with such filing requirements should permit an attack on the ordinance when other proof of proper posting and publishing is available. Such provisions are properly construed as directory and solely for the benefit of the town; they are not enforceable against the town by those affected and attacking the ordinance. Notable in this regard is the fact that the ordinance takes effect "ten days after such publication and posting", regardless of when the affidavit is filed, and, in the express language of the statute (§ 264), may take effect prior to that time against a person

served with a copy of the ordinance. It is, therefore, unlikely that the Legislature intended that the validity of the ordinance be dependent upon the filing of the affidavit. This is in accord with the holding in *Northern Operating Corp.* v. *Town of Ramapo* (26 N Y 2d 404, *supra*) which treated this requirement together with that of entry in pursuance of section 30 of the Town Law.

The authorities advanced by the defendants are distinguishable in that in those cases, unlike this one, departures from the specified procedures occurred which were likely to lead to uncertainty about the terms of the ordinance or the boundaries of the property affected thereby (see, e.g., *Village of Williston Park* v. *Israel,* 191 Misc. 6, affd. 276 App. Div. 968, affd. 301 N. Y. 713; *Barry* v. *Town of Glenville,* 8 N Y 2d 1153; *Soron Realty Co.* v. *Town of Geddes,* 23 A D 2d 165). In *Keeney* v. *Village of LeRoy* (22 A D 2d 159, *supra*) the affidavits of posting and publication were not filed and there were other substantial omissions and defects so that it could not be determined which of three different maps was official and neither the ordinance nor the map was properly entered in the minutes of the Town Board (see, also, *Barry* v. *Town of Glenville, supra*; and *Cohn* v. *Town of Cazenovia,* 42 Misc 2d 218).

We conclude, therefore, that the trial court correctly held that the notices required by section 264 of the Town Law were sent to all necessary governmental entities (that is, other than Livingston County) and that section 264 of the Town Law does not require notice to Livingston County. The record shows no effort by defendants to prove noncompliance with section 239-m of the General Municipal Law that is, notice to the County Planning Commission. Accordingly, the determination that the ordinance was properly enacted should be affirmed.

Insofar as section 264 of the Town Law requires that affidavits of posting and publication of a duly enacted ordinance be filed, it merely establishes a procedure for the protection of the town. A town may waive such protection and prove the proper posting and publication of the ordinance by other means. The parties having stipulated herein that the ordinance was duly posted and published, the trial court properly sustained its validity and granted judgment in favor of the plaintiff town.

MARSH, J. P., GABRIELLI, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously affirmed, without costs.