BEATRICE COUTANT et al., Respondents, v TOWN OF POUGH-KEEPSIE et al., Appellants, et al., Defendant.

Second Department, August 6, 1979

APPEARANCES OF COUNSEL

*David D. Hagstrom, Town Attorney (Anthony De Rosa* on the brief), for Town of Poughkeepsie, appellant.

*Vasti, Orcutt, Rinaldi & Gilhuly (Thomas F. Vasti, Jr., Julius L. Sackman, Sidney Z. Searles* and *John T. Orcutt* of counsel), for respondents.

### OPINION OF THE COURT

Suozzi, J. P.

■ ■ Plaintiffs seek a declaration that the 1956 Town of Poughkeepsie Zoning Ordinance is null and void. The defendant Town of Poughkeepsie appeals from an order which granted the plaintiffs' motion for summary judgment and declared that the said ordinance was at all times null and void. The order should be reversed and plaintiffs' motion should be denied.

In our view, Special Term erred in granting summary judgment to plaintiffs. In their complaint dated October 20, 1976, plaintiffs alleged that a purported zoning ordinance enacted by the town in 1956, and under which the town acted until 1974 when it adopted a new ordinance, was invalid on numerous grounds including, *inter alia,* the town's failure to enact the 1956 ordinance in accordance with a comprehensive plan, and several claimed failures to conform with sections 264 and 265 of the Town Law. It was also alleged that plaintiffs' property became the subject of condemnation proceedings in 1971 and that plaintiffs would stand to suffer great pecuniary loss in that proceeding if the ordinance were declared valid since the property was in a more restricted zoning classification.

In its answer, the town interposed two affirmative defenses: (1) laches ("plaintiffs did not object * * * until * * * 20 years after the Zoning Ordinance was duly adopted * * * 8 years after the property was conveyed to them and 5 years since a condemnation proceeding was commenced against them"); and (2) full compliance with the applicable statutes.

In its decision, Special Term noted that "the procedure for the enactment of * * * an ordinance * * * must be strictly adhered to" and that the alleged procedural failures on the part of the defendant town as alleged by plaintiffs would be, if proved, "fatal to the validity of the ordinance". Special Term characterized the town's opposition to the motion for sum-

mary judgment as "little more than a request for more time to produce the necessary evidence" and held that said defendant had "failed to lay bare its proof by producing the physical evidence necessary to defeat this motion" after being given ample time to do so. Accordingly, it granted summary judgment to plaintiffs.

In our view, several of the alleged procedural irregularities were conclusively rebutted by the opposing papers submitted by the town. As to the remaining irregularities, at best an issue of fact exists which can only be resolved after a full trial.

In their brief plaintiffs have specified the significant omissions which allegedly occurred during the process of enacting the 1956 zoning ordinance as follows:

(1) Substantial changes were made in the zoning ordinance adopted in 1956 without a new public hearing being properly noticed;

(2) No notice was given to "adjoining towns" respecting public hearings held with regard to the 1956 ordinance;

(3) The 1956 ordinance as adopted was never published;

(4) The zoning ordinance was never posted;

(5) Affidavits of posting and publication of the 1956 zoning ordinance were not filed with the town clerk; and

(6) The 1956 zoning ordinance was not enacted in accordance with a comprehensive plan.

The last ground advanced by plaintiffs in support of their motion for summary judgment can be swiftly disposed of.

A zoning change is a legislative act and is presumed to be constitutional and valid *(Shepard v Village of Skaneateles,* 300 NY 115; *Levitt v Incorporated Vil. of Sands Point,* 6 NY2d 269; *Emjay Props. v Town of Brookhaven,* 42 AD2d 907; 1 Anderson, American Law of Zoning [2d ed], § 4.26). Not only do the plaintiffs have the burden of proving the invalidity of the ordinance (see *Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178), but it is rare that such a burden can be sustained on papers alone without a trial. Thus, in *Iannarone v Caso* (59 Misc 2d 212, 216, affd 33 AD2d 658), Special Term stated: "Plaintiffs' final contention is that the zoning change was not made in accordance with the comprehensive plan of the Building Zone Ordinance of the Town of Hempstead. The comprehensive plan of a municipality is not always easily recognizable. Whether a rezoning is in accor-

dance with the comprehensive plan is a factual question, not properly disposed of on a motion for summary judgment (CPLR 3212, subd. [b]; cf. *Udell v. Haas,* 21 N Y 2d 463)."

As a general introduction to its contention that procedural irregularities existed in the purported adoption of the 1956 zoning ordinance, the plaintiffs argue that the "procedural steps required by the enabling acts of municipalities are regarded as mandatory and failure to comply therewith invalidates the enactment" (see *Keeney v Village of Le Roy,* 22 AD2d 159, 163; see, also, *Town of Schroeppel v Spector,* 43 Misc 2d 290).

However, this principle must be viewed in its proper perspective. There is a countervailing principle which holds that there is a presumption that public officers have performed the duties imposed upon them by law. As stated in *Commission of Public Charities of City of Hudson v Wortman* (255 App Div 241, 245, affd 279 NY 711): "There being a presumption that official acts and duties have been performed, we may assume in the absence of showing to the contrary that the proper procedural steps necessary to enactment were taken."

Under these circumstances, plaintiffs carried a heavy burden in attempting to show that no issue of fact was raised in the opposing papers of the town and that the 1956 zoning ordinance was invalid as a matter of law. In our view, plaintiffs failed to meet their burden.

With respect to alleged defective notices of hearing, plaintiffs do not dispute either the existence or validity of the notice of hearing which preceded the August 8, 1956 public hearing or the notice of hearing which preceded the November 28, 1956 public hearing, during which time changes were made in the zoning ordinance and zoning map. (There were copies of the notices of these hearings and affidavits of publication of same submitted at Special Term.)

The purposes of both these hearings were designated respectively as follows: "rescinding the present, existing, Zoning Ordinance and the adoption for an Amended Zoning Ordinance. Further, in conjunction with the Ordinance as a whole a Public Hearing will be held in the matter of Amending the Zoning Map which accompanies the same as a part thereof"; and "adopting an Amended Zoning Ordinance and an Amended Zoning Map which accompanies the same as a part thereof."

It is the third notice of public hearing which plaintiffs

contend was defective. Accordingly, plaintiffs argue that the amendments adopted at the December 12, 1956 meeting were invalid. The town submitted a copy of the notice of hearing and an affidavit of publication of this notice of hearing. However, plaintiffs' argument is addressed to the language of the notice which reads as follows: "Notice is hereby given that a Public Hearing will be held by the Town Board of the Town of Poughkeepsie * * * for the purpose of Rezoning to Commercial 'D-4' District, the lands in the Town of Poughkeepsie described as follows". According to plaintiffs, there was no indication in this notice that a change was to be made in the 1956 ordinance or the zoning map as incorporated therein.

However, the cases cited by plaintiffs do not support their contention. In both *Rabasco v Town of Greenburgh* (285 App Div 895, affd 309 NY 735) and *Village of Mill Neck v Nolan* (233 App Div 248, affd 259 NY 596), substantial changes were made in the zoning ordinance without a new public hearing or a new notice of public hearing.

In the case at bar, it is undisputed that a notice of public hearing was published for the December 12, 1956 public hearing stating the particular purpose of the meeting and that a public hearing was held.

█ In describing the purpose and requirements of the notice of public hearing, the court in *Vizzi v Town of Islip* (71 Misc 2d 483, 485) stated:

"The published notice is the fundamental vehicle for communicating to the public any local legislative changes which affect residential interests. It may be the only informational source that warns local property owners of zoning changes affecting their land's use and value, either adversely or beneficially, directly or indirectly. The viability of the statutory scheme of public hearing in relation to zoning changes is dependent upon proper advance notice.

"The notice must be clear and unambiguous. It must be readily intelligible to the intended reader, the average citizen at large. The language used must inform the layman who is presumed to lack the technical knowledge of a zoning expert. The meaning of any particular notice must therefore be ascertained through lay eyes. (1 Rathkopf, Law of Zoning and Planning, p. 8-18, Supp. p. 151; see *Albini v. Stanco,* 61 Misc 2d 813, affd. 32 A D 2d 1042; *Village of Sands Point v. Sands Point Country Day School,* 2 Misc 2d 885, affd. 2 A D 2d 769.) It must definitively set out the nature of the zoning change,

and, particularly when two zoning classifications are mentioned, must identify the zoning which is being proposed to replace present classifications. A purported notice which fails to adequately describe the contemplated change in zoning is not notice. (*Albright v. Town of Manlius,* 34 A D 2d 419, 426; *Brachfeld v. Sforza,* 114 N.Y.S. 2d 722, 725, app. dsmd. 282 App. Div. 1068.)"

Similarly in *2525 East Ave. v Town of Brighton* (33 Misc 2d 1029, 1034, affd 17 AD2d 908), the court stated: "The statute does not undertake to minutely define the requirements of the notice to be given and it is not uncommon to couch such notices in terms of legal description. It seems to me that, assuming the premises to be affected are properly legally described, the statutory requirement is met if the published notice gives the average reader reasonable warning that property in which he has an interest may be affected and an opportunity by the exercise of reasonable diligence to determine whether such is the fact."

■ There is no question that the notice of public hearing of December 12, 1956 was precise enough to satisfy the statute. Moreover, plaintiffs have failed to establish in their papers as a matter of law, that any other changes in the ordinance, other than those specified in the notice, were made at that hearing and summary judgment in their favor was unwarranted on this ground.

After the third hearing, the full text of the zoning ordinance and the map were published, and the plaintiffs admit same in their counsel's affidavit in support of the motion for summary judgment. Nevertheless, plaintiffs point to the paragraph which precedes the body of the ordinance in the newspaper and which reads: "Notice is Hereby Given that on August 8th, 1956, a Public Hearing was held by the Town Board of the Town of Poughkeepsie, Dutchess County, New York, in the matter of rescinding the existing Zoning Ordinance and Zoning Map of the aforesaid Town, and, in conjunction therewith, the adoption of a new Zoning Ordinance and Zoning Map which accompanies the same as a part thereof."

Plaintiffs note that the November 28, 1956 and December 12, 1956 amendments are not mentioned in this introductory paragraph. However, the zoning map which accompanies the text clearly states "as adopted Nov. 28, 1956 & amended Dec. 12, 1956". Indeed, plaintiffs submitted the minutes of the December 12, 1956 meeting of the town board whereby the

town clerk was authorized "to Publish the Zoning Ordinance adopted on November 28th, 1956, and the Zoning Map adopted on November 28th, 1956, and Amended on December 12, 1956". In short, the ordinance as amended was published pursuant to the requirement of section 264 of the Town Law and plaintiffs utterly failed to establish to the contrary.

With regard to the alleged failure of the town to post the ordinance, plaintiffs refer to section 264 of the Town Law which provided in 1956 that "a copy of such ordinance or amendment together with a copy of any map incorporated therein shall be posted on the sign board maintained by the town clerk". However, the minutes of the January 9, 1957 meeting of the town board indicate that the zoning map was published and posted, and this entry in the minutes is, in our view, sufficient to raise an issue of fact as to whether the ordinance together with the map was properly posted. Even in the case cited by plaintiffs on this point, *Matter of Festino v De Aprix* (47 Misc 2d 148), a finding that posting was not done, was made after a full fact-finding hearing, and not on papers alone.

With regard to the town's alleged failure to file affidavits of posting and publication of the ordinance and map pursuant to section 264 of the Town Law, the town properly cites *Town of Lima v Robert Slocum Enterprises* (38 AD2d 503), wherein the Appellate Division, Fourth Department, held that the failure to file affidavits attesting to due publication and posting cannot invalidate a zoning ordinance when it is admitted that the ordinance was in fact properly published and posted. The court in *Town of Lima* stated *(supra,* pp 508-510):

"The final question raised is whether the Town Clerk's failure to file affidavits attesting to due publication and posting should invalidate this ordinance, in face of the admission that the ordinance was in fact properly published and posted. We hold that it should not.

"The authorities advanced by both sides establish certain general principles. We have stated that, 'The procedural steps required by the enabling acts of municipalities are regarded as mandatory and failure to comply therewith invalidates the enactment' *(Keeney v. Village of LeRoy,* 22 A D 2d 159, 163; see, also, *Barry v. Town of Glenville,* 8 N Y 2d 1153; *Soron Realty Co. v. Town of Geddes,* 23 A D 2d 165). It is, however, firmly established that 'It is a "departure of substance" from the formula prescribed by law that results in judicial interdic-

tion of such an ordinance' (*Quick v. Town of Owego,* 11 A D 2d 285, 287, affd. 8 N Y 2d 1114, remittitur amd. 9 N Y 2d 649, quoting from *Merritt v. Village of Portchester,* 71 N. Y. 309, 312; and, see *Town of Schroeppel v. Spector,* 43 Misc 2d 290, 293). In determining whether a particular irregularity is a 'departure of substance' it is essential to examine the purpose of the particular procedural step and judge whether that purpose has been frustrated to the possible detriment of the public or the affected property owners. * * *

"Applying similar analysis to the instant case, we note that the purpose underlying the statute's requirement that affidavits be filed is, as the town argues, purely evidentiary; it is designed to establish a simple method for the town to prove compliance with the laws' posting and publishing provisions. Here, alternative methods of proof are available and the failure to file affidavits has not produced any uncertainty about what was done to someone's detriment. The Legislature could not have intended that the failure of the town officials to comply with such filing requirements should permit an attack on the ordinance when other proof of proper posting and publishing is available. Such provisions are properly construed as directory and solely for the benefit of the town; they are not enforceable against the town by those affected and attacking the ordinance. Notable in this regard is the fact that the ordinance takes effect 'ten days after such publication and posting', regardless of when the affidavit is filed, and, in the express language of the statute (§ 264), may take effect prior to that time against a person served with a copy of the ordinance. It is, therefore, unlikely that the Legislature intended that the validity of the ordinance be dependent upon the filing of the affidavit. This is in accord with the holding in *Northern Operating Corp. v. Town of Ramapo* (26 N Y 2d 404, *supra*) which treated this requirement together with that of entry in pursuance of section 30 of the Town Law.

"The authorities advanced by the defendants are distinguishable in that in those cases, unlike this one, departures from the specified procedures occurred which were likely to lead to uncertainty about the terms of the ordinance or the boundaries of the property affected thereby (see, e.g., *Village of Williston Park v. Israel,* 191 Misc. 6, affd. 276 App. Div. 968, affd. 301 N. Y. 713; *Barry v. Town of Glenville,* 8 N Y 2d 1153; *Soron Realty Co. v. Town of Geddes,* 23 A D 2d 165). In *Keeney v. Village of LeRoy* (22 A D 2d 159, *supra*) the

affidavits of posting and publication were not filed and there were other substantial omissions and defects so that it could not be determined which of three different maps was official and neither the ordinance nor the map was properly entered in the minutes of the Town Board (see, also, *Barry v. Town of Glenville, supra;* and *Cohn v. Town of Cazenovia,* 42 Misc 2d 218). * * *

"Insofar as section 264 of the Town Law requires that affidavits of posting and publication of a duly enacted ordinance be filed, it merely establishes a procedure for the protection of the town. A town may waive such protection and prove the proper posting and publication of the ordinance by other means. The parties having stipulated herein that the ordinance was duly posted and published, the trial court properly sustained its validity and granted judgment in favor of the plaintiff town."

Plaintiffs argue that *Town of Lima* is distinguishable from the case at bar since no stipulation existed that posting and publication had been effectuated.

However, as heretofore noted, the record does establish that the ordinance was published and any failure to file the affidavit of publication would not invalidate the ordinance. Moreover, as heretofore noted, an issue of fact exists as to posting. Under these circumstances and in view of the holding in *Town of Lima,* it was improper to grant summary judgment based on an alleged failure to file the affidavit of posting.

Finally, plaintiffs argue that the town failed to give "written notice of any proposed change or amendment affecting * * * property within five hundred feet of the boundaries of any city, village, town, county, state park or parkways" as required by section 264 of the Town Law.

In our view, that claim, interposed after such a lengthy period, is insufficient to warrant summary judgment against the town. It is true that in *Town of Lima (supra),* the court held that the giving of notice to adjoining governmental entities was an essential requirement, and that the failure to comply with same would lead to an invalidation of the ordinance. The court in *Town of Lima* stated *(supra,* pp 506-507): "Likewise, we find no merit in the argument that the defendants, for failure to show specific prejudice, lack standing to attack the ordinance on the ground that the town failed to provide notice to the adjoining governmental entities. It has uniformly been held that notice requirements protect the

public interest and, therefore, that reasonably sufficient notice must be given. These requirements are essential, and substantial departures therefrom affect the regularity of the hearing and hence invalidate an ordinance (cf. *Albright v. Town of Manlius,* 34 A D 2d 419, mod. 28 N Y 2d 108, rearg. den. 29 N Y 2d 649). When a substantial departure from such notice requirements is shown, the party attacking the ordinance need not show that he was among those not given notice, that the ordinance would not have passed if proper notice had been given, or any other form of specific prejudice. We are not persuaded that the provision of section 264 of the Town Law precluding an adjoining municipality from seeking review of an enacted ordinance implies that the Legislature intended that the failure to comply with the notice requirements as to such entities should be treated as a mere irregularity or that a person affected by the enactment could not contest its validity on such ground. Accordingly, we hold that defendants, as persons who are affected by the ordinance, have standing to raise that question."

However, it is significant to note that in *Town of Lima,* the court found in favor of the town after conducting a trial at which testimony was taken and this issue fully explored.

The other two cases cited by plaintiffs are not to the contrary. In *Matter of Quattrociocchi v Town of Pleasant Val.* (Supreme Ct, Dutchess County, GRADY, J., Oct. 9, 1973) and *Bohan v Town of Southampton* (227 NYS2d 712) there were admissions that no notices had been sent to the adjoining towns. In the case at bar, no such formal admission exists, and the defendant town should have the fullest latitude at this late juncture and after a lengthy delay caused solely by plaintiffs, to establish compliance with the statute at a trial.

Accordingly, the plaintiffs' motion for summary judgment should be denied.

GULOTTA, COHALAN and MARGETT, JJ., concur; MARTUSCELLO, J., dissents and votes to affirm the order.

Order of the Supreme Court, Dutchess County, dated July 10, 1978, reversed, with $50 costs and disbursements, and motion denied.