■ In the Matter of ROBERT D. L. GARDINER, Respondent, v MICHAEL A. LO GRANDE, as Supervisor of the Town Board of the Town of Islip, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Islip which denied petitioner's application for a special permit, the appeal, as limited by the appellants' brief, is from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated January 22, 1982, which, upon remittal invalidated an amendment to the town zoning ordinance and granted the instant petition for a special permit. Judgment affirmed, without costs or disbursements. In 1979 the petitioner, the owner of an enclosed shopping mall in the Town of Islip, sought a special permit to establish a game room inside the mall. The town board summarily denied the application and petitioner commenced the instant CPLR article 78 proceeding to review its determination. During the pendency of the proceeding, and after Special Term had reserved decision on the matter, the town board, without informing Special Term, amended the zoning ordinance so as to exclude "game rooms" from the list of uses permitted by special permit. Thereafter Special Term confirmed the town board's determination and dismissed the proceeding. Petitioner appealed to this court. In *Matter of Gardiner*

*v Lo Grande* (83 AD2d 614), this court remitted the instant matter to Special Term for a hearing to determine, *inter alia,* whether the amendment to the town zoning ordinance had been properly enacted. That amendment defined a game room as a hall containing six or more "pinball machines, electronic video-screen games, football games, air hockey games, skeebowls or any other similar games or machines for the use of which fees are paid directly into the machine or to an operator." Our remittal of the matter was also made for the purpose of determining whether "special facts" exist which would entitle petitioner to receive the special permit, notwithstanding the amendment of the zoning ordinance (assuming such amendment to have been properly made) (see *Matter of Our Lady of Good Counsel R. C. Church & School v Ball,* 38 NY2d 780, affg 45 AD2d 66 on opn of Martuscello, J., at App Div). On remittal Special Term interpreted this court's order as excluding any finding of the existence of "special facts" and accordingly ruled only on the issue of whether the enactment of the amendment was proper. The only issue presented on this appeal is whether the amendment was properly enacted. On remittal, Special Term held that the two published notices of public hearing preceding adoption of the amendment were sufficiently ambiguous to invalidate the amendment. One notice (hereinafter referred to as the short notice) provided in pertinent part as follows: "The amendment includes a new combined definition of assembly hall and social recreation center now called assembly and social recreation hall, and (2) new definitions of game room and game center based on the number of pinball machines and similar machines. Game centers will be permitted as an accessory use in Business 3, Industrial 1 and Industrial 2 Districts." The other notice (hereinafter referred to as the long notice) excluded "game rooms" from the definitions of "assembly hall" and "social recreation center" but made no mention of "game centers". As defined therein a "game room" is a public hall containing "seven * * * or more pinball machines or similar games of chance", from which 50% or more of its revenue is derived. In issue is whether these notices were sufficient. An amendment to a town ordinance must be preceded by a notice of a public hearing which generally describes the proposed amendment (Town Law, § 130). " 'The notice must be clear and unambiguous. It must be readily intelligible to the intended reader, the average citizen at large' " (*Coutant v Town of Poughkeepsie,* 69 AD2d 506, 511, citing *Vizzi v Town of Islip,* 71 Misc 2d 483, 485). In passing on the sufficiency of a notice, the meaning must be ascertained through the eyes of a lay person who is presumed to lack the technical knowledge of a zoning expert. "A purported notice which fails to adequately describe the contemplated change in zoning is not notice" (*Coutant v Town of Poughkeepsie, supra,* at p 512; *Albright v Town of Manlius,* 34 AD2d 419, 426). Where there is doubt as to the sufficiency of the notice, such doubt will be resolved against the notice (*Paliotto v Town of Islip,* 31 Misc 2d 447, revd on other grounds 22 AD2d 930). Viewed in light of the foregoing it is our view that the published notices were inadequate. Although the purpose of amendment was to prohibit the use defined as a game room, neither the short nor long notice, separately or collectively, communicated that intention. At best, the short notice informed the public that there would be several new definitions and that one in particular — a game center — would be allowed as an accessory use. The notice left open whether a game room would be afforded a like or different status. Likewise, the failure to define the difference between a game room and a game center made it impossible to identify what activities were to be affected. The long notice, too, failed to adequately reveal the amendment's purpose. While it defined and excluded game rooms from the definitions of assembly hall and social recreation center, it is unlikely that the lay public would have understood from its terms that game rooms were to be prohibited. Moreover, the

definition of the term "game room" was confusing. In defining a game room in part as an establishment deriving 50% or more of its income from pinball machines or similar games, the notice suggested that as long as income derived was less than 50%, the number of machines would be immaterial. Any ambiguity in this respect was only exacerbated by the failure at any point to define the term "game center." Titone, J. P., Brown, Rubin and Boyers, JJ., concur.