Daniel T. Manning, Sr., Esq. Town Attorney, Jay
You informed us that in 1982 your town board enacted a local law abolishing one office of town justice. It was thought that this local law was subject to referendum on petition and apparently the procedure established by section 24 of the Municipal Home Rule Law, governing local laws subject to referendum on petition, was followed. Records indicate that no petition for a referendum was filed and that the local law was enacted on March 22, 1982. It has now been discovered that the local law was subject to a mandatory referendum (Municipal Home Rule Law, § 23[2][e]). You have asked whether the 1982 local law effectively abolished the office of town justice. If not, you ask whether the town may fill this office following the procedures established by law for filling a vacancy in an elective office.
Failure to comply with procedural requirements for the enactment of local legislation, if substantial, invalidates the enactment (Coutant v Town ofPoughkeepsie, 69 A.D.2d 506, 513-515 [2d Dept, 1979]; Keeney v Village ofLeRoy, 22 A.D.2d 159, 163 [4th Dept, 1964]). The failure, where required, to conduct a mandatory referendum obviously is a deviation of substance (compare Coutant v Town of Poughkeepsie, supra). It is an essential requirement which, if not conducted, invalidates the local law (Matter of Yevchak v Raymond, 63 A.D.2d 197 [3d Dept, 1978]; Matter ofthe Application of Scott F. Chatfield v Board of Trustees of the Villageof North Syracuse, sl op [Sup Ct, Onondaga Co, August, 1985, Justice Eugene F. Sullivan, Jr.]).
Thus, the 1982 local law is invalid and your second office of town justice was not abolished. If currently vacant, the town board is empowered to fill the vacancy in accordance with the requirements of law (see Town Law, § 64[5]; Public Officers Law, § 42).
We conclude that where a local law is subject to mandatory referendum, the failure to conduct the referendum invalidates the law.