Requestor: David T. Pullen, Town Attorney Town of New Hudson P.O. Box 182 Fillmore, New York 14735
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that some time ago the town board of your town reduced the number of town justices from two to one. Under section 60-a of the Town Law, which was in effect at the time of the reduction and remains in effect, the reduction of the number of town justices is subject to a permissive referendum. You have indicated, however, that the town board did not follow the permissive referendum procedure required by law in reducing the number of town justices. You have inquired as to the consequences of such failure.
Failure to comply with procedural requirements for the enactment of local legislation, if substantial, invalidates the enactment (Coutant v Town ofPoughkeepsie, 69 A.D.2d 506, 513-515 [2d Dept, 1979]; Keeney v Village ofLeRoy, 22 A.D.2d 159, 163 [4th Dept, 1964]). The failure, where required, to follow a permissive referendum procedure is a deviation of substance (compare Coutant v Town of Poughkeepsie, supra). The permissive referendum procedure is an essential requirement which, if not conducted, invalidates the local law (Matter of Yevchak v Raymond,63 A.D.2d 197 [3d Dept, 1978]; Matter of the Application of Scott F.Chatfield v Board of Trustees of the Village of North Syracuse, ).
Thus, the resolution previously enacted to reduce the number of justices is invalid and the second office of town justice was not legally abolished. If currently vacant, the town board is empowered to fill the vacancy in accordance with the requirements of law (Town Law, §64[5]; Public Officers Law, § 42) or may effectively abolish the office.
You are also concerned about the consequences of actions transferred to other judges where your sole town justice was unable to act by reason of a conflict of interests, etc. In our view, the actions previously taken by other judges on these occasions are valid in that those officers were lawfully serving in their positions. The fact that a second town justice should have been available to hear these matters, in our view does not invalidate the actions taken by judges who handled these matters (see 1977 Op Atty Gen [Inf] 226; 1973 Op Atty Gen [Inf] 145; 1962 Op Atty Gen [Inf] 126).
We conclude that the failure to follow the procedure required by law for a permissive referendum invalidates action taken by a local legislative body.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.