(October 23, 1995)

■ PAUL ANNENBERG, Respondent, v ENVIRONMENTAL CONTROL BOARD OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION OF THE CITY OF NEW YORK et al., Appellants, et al., Defendants. [632 NYS2d 824] —In an action, *inter alia,* for a judgment declaring Local Laws, 1977, No. 24 of the City of New York illegal and void, the municipal defendants appeal from an order of the Supreme Court, Queens County (Lane, J.), dated April 16, 1993, which denied their motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied the branches of the municipal defendants' motion which were to dismiss the second and third causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the second and third causes of action are dismissed insofar as asserted against the municipal defendants.

The plaintiff is the owner of certain residential property in Queens. Between, May 1980 and May 1985, 37 notices of sanitation violations were issued against the plaintiff's property. The plaintiff apparently defaulted in responding to these violations. Pursuant to the authority conferred upon it by Local Laws, 1977, No. 24 of the City of New York (hereinafter Local Law No. 24), the Environmental Control Board (hereinafter ECB) proceeded to adjudicate the violations and enforce the penalties imposed. The plaintiff commenced the instant action in 1992 alleging, *inter alia,* that Local Law No. 24 should be

declared illegal and void because it was enacted in violation of the notice provisions of Municipal Home Rule Law § 20 (5) and the Administrative Code of the City of New York § 3-208.

The municipal defendants moved to dismiss the complaint insofar as it is asserted against them. They argued that the plaintiff's challenge to Local Law No. 24 was time-barred since it should have been commenced as a CPLR article 78 proceeding within four months after Local Law No. 24 was enacted. The Supreme Court, passing only on this limited issue, denied the motion.

The general rule is that a CPLR article 78 proceeding is unavailable to challenge the validity of a legislative act except where the challenge is directed not at the substance of the ordinance but at the procedures followed in its enactment *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202). Here the plaintiff seeks to have Local Law No. 24 declared invalid insofar as the pertinent notice requirements were not met, thus substantively invalidating the law *(see, Alscot Investing Corp. v Laibach,* 65 NY2d 1042; *41 Kew Gardens Rd. Assocs. v Tyburski,* 124 AD2d 553). Assuming the truth of the plaintiff's allegations as we must on a motion to dismiss *(see, Grand Realty Co. v City of White Plains,* 125 AD2d 639), we agree that the alleged failure to comply with the statutory notice requirements constitutes a substantive error which, as the Supreme Court found, may not be challenged in a CPLR article 78 proceeding *(see, e.g., Matter of Schilling v Dunne,* 119 AD2d 179; *Matter of Gardiner v Lo Grande,* 92 AD2d 611). Therefore, the plaintiff's first cause of action is not barred by the Statute of Limitations applicable to CPLR article 78 proceedings. We do not reach at this juncture, the issue of the timeliness of the plaintiff's first cause of action insofar as it seeks a declaratory judgment, since this related issue has not been raised or briefed.

The plaintiff's second cause of action, to the extent it asserts a claim against the ECB for wrongfully enforcing its judgments against him because they were allegedly not first filed with the Queens County Clerk, is however, time-barred *(see, CPLR 217 [1]).* By this cause of action the plaintiff seeks to review administrative actions and procedures which are presumptively valid and which could have been challenged in a timely manner. Finally, as to the third cause of action, we find that the plaintiff has failed to state facts sufficient to support claims of intentional or negligent infliction of emotional distress *(see, Fischer v Maloney,* 43 NY2d 553, 557; *Johnson v State of New York,* 37 NY2d 378, 381).

We have examined the defendants' remaining contentions and find them to be without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.