■ PREBLE AGGREGATE, INC., Appellant, v TOWN OF PREBLE, Respondent. [668 NYS2d 751] —Spain, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 18, 1997 in Tompkins County, which denied plaintiff's motion for partial summary judgment.

The facts in this matter are not in dispute. On July 11, 1988 the Town Board of the Town of Preble in Tompkins County passed, by a unanimous vote, a new zoning law. This new zoning law (Local Laws, 1988, No. 1 of Town of Preble § 26A) (hereinafter Local Law No. 1) prohibited all mining in a newly designated area of the Town which was set forth in the proposed legislation as "Zone A". Just prior to adopting Local Law No. 1, the Town Board added three amendments: first, it attached a supplemental map to more clearly define the new Zone A boundaries; second, it included a provision, a so-called "grandfather clause", which exempted parties who already had mining permits for lands within Zone A from the restrictions of Local Law No. 1; and third, it included a provision which states: "[t]his law shall take effect immediately upon filing as required by law". Pursuant to Municipal Home Rule Law § 27 (3), the Town Clerk filed a certified copy of Local Law No. 1 with the Secretary of State; significantly, however, the certified copy failed to include the three amendments. Thereafter, plaintiff commenced this suit against the Town alleging, *inter alia*, that Local Law No. 1 was invalid, void and unenforceable because Local Law No. 1, as adopted, was never filed with the Secretary of State. It is uncontested that the copy of Local Law No. 1 that was filed with the Secretary of State included the original text, as proposed; the three amendments which were added and adopted were not filed. Plaintiff moved for partial sum-

mary judgment seeking to find Local Law No. 1 invalid. Supreme Court denied the motion. Plaintiff appeals.

We affirm. The procedure for the adoption of local laws is governed by the Municipal Home Rule Law §§ 20 and 27. Notably, plaintiff acknowledges that the Town carefully followed its own enactment procedures when adopting Local Law No. 1 including, *inter alia*, making the necessary advertisements of the law as proposed, providing a public comment period and having a public hearing (*see*, Municipal Home Rule Law § 20). Plaintiff's sole contention is that the clerical error made by the Town Clerk in filing Local Law No. 1, without the full, complete and correct text, as adopted, caused it to be entirely invalid (*see*, Municipal Home Rule Law § 27 [3]). We disagree.

A local law will not become effective until it is filed with the Secretary of State (*see*, *Matter of Sterling Concerned Citizens v Pell*, 204 AD2d 730; *see also*, Municipal Home Rule Law § 27 [3]). Here, however, the record reveals that the main text of the local law was filed, albeit without the amendments. A review of the amendments reveals that the reference to an attached map and the effective date of the law are inconsequential. The text and map which were filed sufficiently indicate that mining is prohibited in that part of the Town identified on the map and referred to in the text as Zone A; furthermore, the failure to include the effective date amendment triggered the default provision of Municipal Home Rule Law § 27 (4) resulting in an effective date of 20 days after the date on which the legislation was filed. Finally, the failure to include the provision which exempted or grandfathered parties who already had permits prior to the effective date of the law was also of no consequence because, as of the date of enactment of the law, no one had a current permit to mine within the Town.

In our view "plaintiff's arguments are 'technical at best, and even at a technical level' * * * provide no basis for invalidation of the local law in question" (*Alscot Investing Corp. v Laibach*, 65 NY2d 1042, 1045, quoting *Matter of Jewett v Luau-Nyack Corp.*, 31 NY2d 298, 307 [citation omitted]). We also reject plaintiff's contention that defendant's failure to file the local law with amendments was so substantial that it frustrated the purpose behind Municipal Law § 27 (3) so as to prejudice the public or either party (*see*, *Coutant v Town of Poughkeepsie*, 69 AD2d 506). Clearly, the purpose of the statute was to provide notice to the public that laws exist which may effect their individual and property rights (*see*, *Cummings v City of Norwich*, 286 App Div 612; Governor's Approval Mem, 1960

McKinney's Session Laws of NY, at 2038). The record supports the conclusion that the public had adequate notice of the adoption and contents of Local Law No. 1 and that plaintiff, who had been intimately aware of the process herein, suffered no prejudice (see, *Coutant v Town of Poughkeepsie*, supra). Applying form over substance is not warranted in this particular circumstance (see, *Northern Operating Corp. v Town of Ramapo*, 26 NY2d 404).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.