Bergan, J.
Plaintiff owns land in the Town of Eamapo and sought approval of two subdivision plans by the Town Planning Board. It had obtained earlier approval of its plans by the board and several extensions of time to file maps, but there had been no final approval of the plans and maps when, on September 28,1967, the board denied reapproval or an extension of time to file maps.
*407 The board’s main ground for denial was that the purported use of land was in conflict with the Town’s Comprehensive Zoning and Building Ordinance as amended December 29, 1966.
Plaintiff seeks judgment declaring the amending ordinance of December 29, 1966 invalid for purported failure of the Town Board to follow formal statutory requirements. Belief on this ground is sought in plaintiff’s first cause of action. The court at Special Term denied plaintiff’s motion for summary judgment as to this cause of action. The Appellate Division, reversing, granted plaintiff the relief sought in that cause of action and directed judgment declaring the amended ordinance invalid.
The invalidity of the ordinance of December 29, 1966 as pleaded in the complaint is based on the allegation that the board “ failed to make an entry in the Minutes of the Town Board or incorporate and affix a copy of the Ordinance and Zoning Map into the Minutes of the Town Board ”.
As to significant events concerned with the enactment of the ordinance there is, as the Appellate Division noted, no triable issue of fact. From the affidavits of both sides read together it becomes clear that the Town Board by a majority vote adopted the ordinance of December 29, 1966 with a written copy before it for consideration; that a copy of the ordinance was duly and timely published in several newspapers circulating in the town and was duly posted; that it was entered in the minutes of the board meeting by the clerk and kept by her in her official public office, available for inspection by the public. It was not, however, physically incorporated in the “ ordinance book” of the town until after October 23,1967.
By every reasonable standard the enactment of the ordinance challenged by plaintiff fairly meets the requirements of the governing statute.
This statute (Town Law, § 264) prescribes three essential things for the enactment of a zoning ordinance: (a) that it be “ entered ” in the “ minutes of the town board ”; (b) that it be published in a newspaper; (c) that it be posted on the signboard.
Affidavits of such publication and posting are required to be filed with the Town Clerk. The Town Clerk (not the board) is required by section 30 of the Town Law to enter, immediately after adoption, into a book to be known as the “ ordinance book ” a copy of every ordinance adopted by the board.
*408 It seems apparent from these statutory provisions that entry in the 1 ‘ minutes ’ ’ referred to in section 264 is not necessarily the entry but the clerk into the “ ordinance book ”, The Town Board ‘ ‘ minutes ’ ’ undoubtedly include other things than ordinances. There is nothing in the statute regulating zoning ordinances which itself requires the “ minutes ” have to be bound in the form of a “ book ”.
More importantly, the neglect of a town clerk promptly to put ordinances adopted by the board in the “ ordinance book ” as required by section 30 ought to be deemed a personal neglect by the clerk and should not invalidate the public action of the board itself unless there is some resulting uncertainty about what was enacted to someone’s detriment.
The Town Clerk, who was present at the board meeting at which the ordinance of December 29', 1966 was adopted, swore unequivocally and in plain terms that ‘ ‘ the Zoning Ordinance „in question was entered in the minutes of the Town Board ”.
She further swore that the minutes were ‘ ‘ taken ” at the meeting and were “ transcribed and were available in my office ”, i.e., the Town Clerk’s office, and that the plaintiff’s president, Edwin C. Stokes, came to her office and the ‘ ‘ minutes in question ” were presented to him on several occasions. Not any of this is factually disputed by plaintiff.
What plaintiff’s president says is that he inspected the minutes of the Town Clerk and did not find the ordinance ‘ ‘ attached to the Minute Book ” until December 1, 1967 when the “ Minute Book ’ ’ was produced in an examination before trial and the ordinance, as printed in the newspaper, ‘ ‘ was stapled to one page ” of the book.
He does not deny that the ordinance was on file in the clerk’s office and was made available to him. In a reply affidavit answering the clerk Mr. Stokes says, merely, that he asked the clerk to show him the “ Ordinance as it was entered into the Minute Book ’ ’ and was told it was in the process of being typed. There seems here a careful avoidance of the facts to which the clerk swore, namely, that the ordinance was on file in written form in her official office and shown to Mr. Stokes.
The attorney for the plaintiff made an affidavit in which he said that the clerk had stated categorically in an examination before trial that the “ minutes ” had not been “ entered in the *409 minute book ” prior to October 23, 1967 but said she kept the 1 ‘ minutes in a folder ’ ’.
Thus the undisputed facts are, as it has been observed, that the minutes were written and officially filed in the proper public office available for inspection. There is no showing whatever of any discrepancy in the text filed and that enacted or that published and posted.
There are innuendos in the affidavit of the attorney for plaintiff suggesting “several changes” in the text in the clerk’s office and similar innuendos appear in Mr. Stokes’ affidavit. No such discrepancies are demonstrated or even spelled out by either affiant. If a man charges misfeasance to a public officer in an official court paper he is obligated to state what the fact is.
It is not disputed that the two other requirements of section 264 of the Town Law have been met by proper publication and posting. The affidavits of officers of two newspapers show the publication in January, 1967; and the clerk’s affidavit shows posting on the official town signboard on January 12, 1967.
It would be sheer exaltation of form over substance to strike down an ordinance enacted within the legal jurisdiction of a legislative body, the text of which is not in dispute, which has been publicly on file and duly published and posted, merely because a clerk omitted physically to staple a copy promptly in the ordinance book which she must keep.
Oases relied upon to invalidate the ordinance here challenged are either distinguishable or not decisive of the present problem.
In Village of Williston Park v. Israel (301 N. Y. 713), for example, it was not shown that the ordinance was on file with the clerk; there was a failure in the resolution of adoption to designate boundaries by term and a failure to post the map (p. 714).
In Soron Realty Co. v. Town of Geddes (23 A D 2d 165) the zoning map was neither posted nor entered in the minutes and there was a failure to describe the geographical boundaries; and in Keeney v. Village of LeRoy (22 A D 2d 159) there were a number of technical deficiencies having no relevance here.
Matter of Bayberry Huntington, Inc. v. Court of Special Sessions (1 Misc 2d 342), cited by the Appellate Division, is somewhat similar, but the Special Term was able there to conclude what cannot be said in the present case, that there was no *410 authoritative copy of the ordinance which could be compared with certainty as to authenticity. Here the published and posted texts could be compared with the text in the clerk’s official file. The decision in People v. Barry (32 Misc 2d 200) is distinguishable.
In Quick v. Town of Owego (8 N Y 2d 1144, remittitur amd. 9 N Y 2d 649) there was a failure to incorporate the zoning map or a reproduction of it in the minute book. The court nevertheless held there was a substantial compliance with the statute (see discussion at length in the prevailing and dissenting opinions at the Appellate Division [11 A D 2d 285]). In Town of Schroeppel v. Spector (43 Misc 2d 290) there was held to be a substantial compliance with the statute.
Although defendants are entitled to judgment declaring the ordinance valid, some residual procedural problems require discussion. The second cause of action pleaded by plaintiff seeks a declaration in its favor, based upon the effect of a purported order of a Referee in Bankruptcy, that the running of time for filing maps with the town authorities as prescribed by section 276 of the Town Law was suspended.
The third cause of action pleads the unconstitutionality of the ordinance. Plaintiff’s motion for summary judgment was limited to the first two causes and the Judge at Special Term expressly stated that he was considering only those causes. His denial of summary judgment did not reach the merits of either cause. He held merely that there were triable issues of fact.
Defendants made a cross motion for summary judgment. This was based on the validity of the ordinance on the merits and also on a claim that the order of the Referee in Bankruptcy had no effect on defendants’ official proceedings.
Defendants ’ affidavits also asserted prior adjudication against plaintiff in a proceeding in the Supreme Court seeking the issuance of a certificate relating to the subdivisions. This was not pleaded as a defense in the answer. The court at Special Term also denied defendants’ motion for summary judgment without reaching the merits.
At the Appellate Division, as it has been observed, the Special Term order was reversed to grant judgment for plaintiff on the first cause of action. But the denial of summary judgment on *411 the second cause of action and denial of defendants’ cross motion for summary judgment were affirmed.
Those parts of the Appellate Division order are nonfinal determinations not reviewable on this appeal by defendants.
The order of the Appellate Division should be reversed and judgment entered for defendants on the first cause of action, with costs in all courts.
Chief Judge Fuld and Judges Bubble, Scileppi, Breitel, Jasen and Gibson concur.
Order reversed, with costs in all courts, and ease remitted to Supreme Court for further proceedings in accordance with the opinion herein.