W. Vincent Grady, J.
In this article 78 proceeding, petitioner seeks to annul the decision of respondent dated July 12, 1972, which denied petitioner’s application for a special permit for a mobile home park.
In a prior article 78 proceeding seeking the same relief, this court annulled the determination of the respondent board and remitted the matter to the Zoning Board of Appeals for further proceedings not inconsistent with the opinion of the court dated July 22, 1971. An order was directed to be submitted on notice providing for a public hearing on petitioner’s application for a special usé permit for a mobile home park within 30 days after service of a copy of the order therein with notice of entry thereon.
In February, 1972, the Town Board allegedly amended the zoning law and map and under the new law, petitioner’s property could not be used for a mobile home park. On May 15, 1972, an order was signed by this court directing a public hearing and such a hearing was held on June 14,1972. On July 12,1972, the Zoning Board reviewed petitioner’s application for a special permit and denied the application on the ground that sections 325 and 325.03 of the amended Zoning Law of the Town of Red Hook did not permit a mobile home park in the zoning district where petitioner’s property is located.
It is respondent’s contention that the Zoning Board could not grant a special permit^for a mobile home park in a zoning district where a mobile home park is not permitted.
*484 On December 30, 1971, a notice was published in the Hudson Register-Star, the official paper of the Town of Bed Hook, which stated, as follows: ‘ ‘ notice op public hearing A public hearing will be held at the Veterans of Foreign Wars Hall, 30 Elizabeth St., Bed Hook, N. T. January 19, 1972 at 7:30 P.M. on the proposed zoning changes in the Town. Copies of proposed changes are available at the Town Clerk’s Office.”
There is no reference in the notice of public hearing to the fact that a local law was to be adopted.
Bespondents contend that Local Law No. 1 of 1971, which amended the Zoning Law of the Town of Bed Hook to delete section 32-P and insert a new section 32-P establishing a multiple residence district MB-20,000 and making certain other changes, was properly adopted pursuant to subdivision 5 of section 20 of the Municipal Home Buie Law. That section requires that prior to the adoption of the local law, there must be a public hearing on at least five days’ notice unless a prior local law shall have reduced the notice period to three days. Here the notice was published on December 30, 1971, and the hearing was held on January 19, 1972, so that the notice was timely.
The petitioner challenges the validity of Local Law No. 1 of 1971 and relies on the decision in Orange & Rockland, Utilities v. Town of Orangetown (Sup. Ct., Bockland County, Sept. 21, 1966, McCullough, J., affd. without opn. by App. Div., 2d Dept., 28 A D 2d 899). In that case, after a preliminary injunction against the defendant, Town of Orangetown, had been granted, the town allegedly adopted a local law pursuant to the provisions of the Municipal Home Buie Law. The plaintiff appeared and participated in public hearings held with respect to the local law; however, the court found nonoompliance with the provisions of sections 264 and 265 of the Town Law and section 239-m of the General Municipal Law and stated: “ It is the opinion of this court that the notice provisions of the Town Law and of the General Municipal Law are mandatory and cannot be superseded by the enactment of a local law. In the absence of any judicial decision to the contrary, the court finds that Local Law No. 7, 1966, is invalid by reason of non-compliance with Sections 264 and 265 of the Town Law and Section 239-m of the General Municipal Law.”
• The language of the notice of public hearing makes no reference to the passage of a local law but states generally that a hearing will be held on proposed zoning changes in the town. In Vizzi v. Town of Islip (71 Misc 2d 483, 485), the court held: *485 11 The notice must be clear and unambiguous. It must be readily intelligible to the intended reader, the average citizen at large. The language used must inform the layman who is presumed to lack the technical knowledge of a zoning expert. The meaning of any particular notice must therefore be ascertained through lay eyes. (1 Rothkopf, Law of Zoning and Planning, p. 8-18 Supp. p. 151; see Albini v. Stanco, 61 Misc 2d 813, affd. 32 A D 2d 1042; Village of Sands Point v. Sands Point Country Day School, 2 Misc 2d 885, affd. 2 A D 2d 769.) It must definitively set out the nature of the zoning change, and particularly when two zoning classifications are mentioned, must identify the zoning which is being proposed to replace present classifications. A purported notice which fails to adequately describe the contemplated change in zoning is not notice. (Albright v. Town of Manlius, 34 A D 2d 419, 426; Brachfeld v. Sforza, 114 N. Y. S. 2d 722, 725, app. dsmd. 282 App. Div. 1068.) ”
Since changes in zoning ordinances affect property rights, the notice as to such change must contain a statement as to the nature of the proposed amendments, otherwise it is mo notice (Brachfeld v. Sforza, 114 N. Y. S. 2d 722).
The notice of hearing herein fails to satisfy the basic requirements of due process in that the ‘1 parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.” (Baldwin v. Hale, 68 U. S. 223, 233; see Fuentes v. Shevin, 407 U. S. 67, 80).
Not only was the notice inadequate, but the zoning change was not published subsequent to the passage thereof pursuant to section 264 of the Town Law and in accordance with the decision of Mr. Justice McCullough in Orange & Rockland Utilities v. Town of Orangetown (Sup. Ct., Rockland County, Sept. 21,1966, affd. 28 A D 2d 899, supra), the provisions of sections 264 and 265 of the Town Law are mandatory and cannot be superseded by the enactment of a local law.
In view of the invalidity of the local law as it affects petitioner’s property, the decision of the Zoning Board of Appeals dated July 12,1972, is annulled and this matter shall be remitted to the Zoning Board of Appeals for further proceedings not inconsistent with the opinion of this court dated July 22, 1971. The Zoning Board, of Appeals is directed toehold a new public hearing on petitioner’s application for a spemal use permit for a mobile home park within 30 days after service of a copy of the judgment herein with notice of entry thereon.