TOWN OF CLIFTON PARK, Respondent, v. C. P. ENTERPRISES et al., Appellants.

Third Department, June 6, 1974.

*McKane & Ianniello* (*John E. McKane* of counsel), for appellants.

*Joseph A. Martino* for respondent.

REYNOLDS, J. This is an appeal from an order of the Supreme Court, Saratoga County, which granted plaintiff's motion for summary judgment and permanently enjoined defendants from violating the set-back requirements of the zoning law of the Town of Clifton Park.

The sole issue raised on this appeal is whether a town zoning law can be validly enacted pursuant to local law providing for publication of an abstract of the new law instead of full publication of the new law as required by section 264 of the Town Law. Special Term held that pursuant to section 10 of the Municipal Home Rule Law zoning regulation could be enacted by local law as well as pursuant to article 16 of the Town Law. Defendant argues that the zoning measure here involved was invalidly enacted because paragraph (i) of subdivision 1 of section 10 of the Municipal Home Rule Law only authorized the enactment of local laws " not inconsistent with any general law relating to its property, affairs or government " and section 264 of the Town Law is allegedly such a " general law ". We cannot agree. Irrespective of whether section 264 is or is not a general law, the local law here enacted is not " inconsistent " with section 264 and thus not proscribed by paragraph (i) of subdivision 1 of section 10. We do not conceive that the Legislature in enacting the Municipal Home Rule Law, thereby granting local governments broad powers to enact local regulations, meant that such local governments could not, as here, provide for an alternative form of notice to that set forth in section 264 of the Town Law as long as such alternative provides the same basic procedural safeguards.

We do not perceive the use of the word " inconsistent " to be the equivalent of " different " as defendants urge and some lower courts have held (*Friendly Hillside Motel* v. *Town of*

*Brunswick,* 74 Misc 2d 1001; *Matter of Trifaro* v. *Zoning Bd. of Appeals of Town of Red Hook,* 73 Misc 2d 483. See, also, 1 Anderson, N. Y. Zoning [2d ed.], § 3.06, p. 85). To define the word "inconsistent" narrowly as meaning merely "different" would vitiate the flexibility of home rule as enunciated by the Legislature and the executive branch in enacting the Municipal Home Rule Law (see Municipal Home Rule Law, § 51. See, also, N. Y. Legis. Annual, 1963, pp. 468–469). Rather, it is a check against local laws which would contradict or would be incompatible or inharmonious with the general laws of the State. Such is clearly not the case here. The instant law providing for publication of an abstract rather then the full law clearly apprises the public of its enactment, and perhaps in some instances gives them even more insight as to the effect of the law than would full publication. It is, therefore, not "inconsistent" and, accordingly, valid. We pass on no other issues.

The order should be affirmed, with costs.

STALEY, JR., J. P., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Order affirmed, with costs.