■ YOGA SOCIETY OF NEW YORK, INC., Respondent, v INCORPORATED TOWN OF MONROE et al., Appellants.—In an action, *inter alia,* to declare the Zoning Law of the Town of Monroe to be unenforceable, invalid and unconstitutional, in which plaintiff also seeks, pursuant to CPLR article 78,

review of a determination of the Zoning Board of Appeals of the Town of Monroe which refused to reverse six orders pertaining to violations of the building code or zoning law and to grant a variance, defendants appeal from an order and judgment (one paper) of the Supreme Court, Orange County, entered May 3, 1976, which, upon an agreed statement of facts, *inter alia,* (1) declared Local Law No. 2 of 1965 of the Town of Monroe (the zoning law) to be void as having been illegally enacted, (2) denied their motion to dismiss the complaint and (3) annulled the determination of the zoning board of appeals on the ground that it was an act which was taken pursuant to a local law which is void by reason of its having been illegally enacted. Order and judgment reversed, on the law, with $50 costs and disbursements, Local Law No. 2 of 1965 of the Town of Monroe is declared to be valid, and action remitted to Special Term for a determination on the merits of the application for relief pursuant to CPLR article 78. Plaintiff commenced this action seeking, in part, a declaration that the Zoning Law of the Town of Monroe had been illegally adopted and was, therefore, void. It claimed that the law had not been adopted pursuant to the notice provisions of section 264 of the Town Law, but rather pursuant to Local Law No. 1 of 1965 of the Town of Monroe, which the town had enacted pursuant to the Municipal Home Rule Law. Plaintiff also sought a declaration that the zoning law is void because it had been adopted pursuant to the Municipal Home Rule Law as a local law, and not as an ordinance pursuant to article 16 of the Town Law. Plaintiff, in its complaint, also sought a judgment pursuant to CPLR article 78 annulling the determination of the Zoning Board of Appeals of the Town of Monroe relating to certain violations of the town building code and the zoning law, and which denied its request for a variance. Defendants moved to dismiss the complaint. Special Term ruled that the notice given to the public prior to the adoption of the zoning law by the town board was inadequate and insufficient on its face and failed to inform the reader as to what changes were proposed. It held that the zoning law was void in that it had been illegally enacted. Special Term, accordingly, annulled the determination of the zoning board of appeals, but did not pass upon the merits of the issues pertaining thereto. The notice given by the town was published in a local newspaper as follows: "NOTICE IS HEREBY GIVEN that a public hearing will be held by the Town Board of the Town of Monroe, Orange County, New York, at North Main Street School, North Main Street, Monroe, New York, at 8 o'clock P.M. on the 26th day of May, 1965, for the purpose of considering the passage of a proposed Local Law, which Local Law shall be known as 'Zoning Law of the Town of Mc nroe' and which Local Law will divide the Town of Monroe into Ten (10) classes of districts and provide a superseding zoning law in place and stead of the Zoning Ordinance of 1942 as heretofore amended. All persons interested in the matter will be heard at the time and place aforesaid. A copy of the proposed Local Law shall be available at the office of the Town Clerk of the Town of Monroe and one copy shall be posted on the official bulletin board of the Town of Monroe at the Town Hall, No. 15 Lake Street, Monroe, New York. Dated: May 12, 1965." A town can validly enact zoning regulations by local law pursuant to the Municipal Home Rule Law, provided that such regulations are not inconsistent with the provisions of the Constitution or with any general law (Municipal Home Rule Law, § 10). A zoning law can be validly enacted pursuant to a local law, rather than pursuant to section 264 of the Town Law, if the local law provides for publication of the title of the proposed law and gives a brief explanatory statement thereof (see *Town of Clifton Park v C. P. Enterprises,* 45 AD2d 96). The notice given, which was

published pursuant to Local Law No. 1 of 1965 of the Town of Monroe, was sufficient to apprise the public of the proposed law and its intended adoption, and thereby provided the same procedural safeguards as section 264 of the Town Law. In light of our ruling herein, we remand this action to Special Term to consider the portion of the complaint which seeks relief pursuant to CPLR article 78. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.