■ In the Matter of MICHAEL A. HELFANT, Respondent, v TOWN OF BROOKHAVEN, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Town of Brookhaven to reinstate petitioner to the position of Town Purchasing Director, the town appeals from a judgment of the Supreme Court, Suffolk County, dated April 11, 1978, which, after a hearing, granted the petition and directed that petitioner be reinstated. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Section 20 (subd 3, par [e]) of the Town Law, as it read when enacted (L 1957, ch 389, § 1 eff April 11, 1957), empowered towns of the first class to establish the office of director of purchasing and to appoint a person to such office for a *two-year term* commencing on the first day of January following each biennial election (the section now also applies to certain towns of the second class [L 1973, ch 135, § 1]). Under section 10 (subd 1, par [ii], cl a, subcl [1]) of the Municipal Home Rule Law, which became effective January 1, 1964, towns were empowered to create departments of the local government by adopting local laws which are not inconsistent with the provisions of the State Constitution or any general law. In July, 1964 the town enacted Local Law No. 2 (Local Laws, 1964, No. 2 of Town of Brookhaven) which established a department of purchasing to be headed by a director to be appointed by the town board and to serve *not for two years, but at the pleasure of the board.* A number of individuals served in this capacity until, in 1970, the Suffolk County Civil Service Department declined to certify petitioner's predecessor and, thereafter, administered an open, competitive civil service examination, and established an eligibility list, in which petitioner was included. He was later interviewed by the town supervisor and was appointed, effective December 14, 1970, by a town board resolution. It should be noted at this point that, since

section 20 (subd 3, par [e]) of the Town Law is a general law, and since it provided the sole authorization for the creation of the office in question, petitioner was, in effect, appointed for a two-year term, whether or not he or the town was aware of that fact. Petitioner continued to serve until January 3, 1978, when the town board declared that under section 20 of the Town Law his term had expired and that he was considered to be a holdover. He was discharged on January 14, 1978 and a successor was appointed the following day. Meanwhile, section 10 (subd 1, par [ii], cl d, subcl [3]) of the Municipal Home Rule Law was enacted on June 15, 1976. It authorizes towns to adopt local laws which, unless expressly prohibited by the Legislature, amend or supersede a provision of the Town Law. With respect to the position under review, the town board did nothing, either to conform its local law with the two-year requirement, or to enact a superseding law to replace it. Thus, the question is posed whether the 1976 amendment to the Municipal Home Rule Law may be retroactively applied to legitimatize what had theretofore been a conflict between the 1964 Local Law and the State law. We think not. The rule is clear that amendments to laws have prospective application only, unless their language clearly indicates the contrary *(Matter of Deutsch v Catherwood,* 31 NY2d 487, 489-490). In addition, there exists a strong presumption against the retroactive application of statutes, absent a clear expression of legislative intent to the contrary (see McKinney's Cons Laws of NY, Book 1, Statutes, § 51). Accordingly, the 1976 amendment to the Municipal Home Rule Law could not be used to legitimatize an earlier conflicting local law. Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.