OPINION OF THE COURT
Robert J. Stolarik, J.
This is an action for a declaratory judgment to void section 376-33 of the Ramapo Town Zoning Local Law, enacted on May 14, 1980, which authorized two-family, semiattached residences in one portion of one R-15 district in the Town of Ramapo. (The local law made no similar provision for the other R-15 districts in the town.) The plaintiffs have moved to strike defendants’ answer and for summary judgment upon the ground that there is no defense to the cause of action alleged.
Plaintiffs, owners of single family homes within the affected area, contend that said section 376-33 is in violation of section 262 of the Town Law insofar as it permits the erection of two-family semiattached residences in one portion of one of the town’s R-15 districts. They further contend that section 376-33 was not enacted in accordance with a comprehensive plan as required by section 263 of the Town Law.
*953 Defendants, the Town of Ramapo and the Town Board of the Town of Ramapo, argue that section 10 (subd 1, par [ii], cl d, subd [3]) of the Municipal Home Rule Law grants to towns the ability to amend or supersede the provisions of the Town Law and that this broad grant of additional powers is valid unless expressly prohibited by specific State legislation or found to be unconstitutional. Therefore, they allege there is no obligation to comply with the requirement of district uniformity imposed by section 262 of the Town Law, and that section 376-33 was a legal and proper exercise of the town board’s discretion enacted pursuant to the town’s comprehensive plan adopted in December, 1978. Additionally defendants assert that there was no violation of the uniformity required by section 262 of the Town Law because section 376-33, in effect, established a new zoning classification and district with specific geographic description which could have been given a different designation.
Section 262 of the Town Law provides that for zoning purposes, “the town board may divide that part of the town which is outside the limits of any incorporated village or city into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this act; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of buildings, throughout such district but the regulations in one district may differ from those in other districts.” (Emphasis supplied.)
Section 10 (subd 1, par [ii]) of the Municipal Home Rule Law provides that: “every local government * * * shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
“a. A county, city, town or village: [Subcls (1) through (12) enumerate the specific areas where the local govern *954 ment may adopt and amend local laws not inconsistent with the provisions of the Constitution or not inconsistent with any general law.]
“(d) A town: ***
“(3) The amendment or supersession in its application to it, of any provision of the town law relating to the property, affairs or government of the town or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law.” (Emphasis supplied.)
There are two issues before the court on the instant application. (I) Are the provisions of section 376-33 of the Ramapo Town Zoning Local Law, in fact, “inconsistent” with the provisions of section 262 of the Town Law? (II) Does the town board have the authority pursuant to section 10 (subd 1, par [ii], cl d, subdcl [3]) of the Municipal Home Rule Law or the Statute of Local Governments to enact zoning provisions which are inconsistent with the provisions of section 262 of the Town Law?
With respect to Issue No. I, the court finds that the provisions of section 376-33 are indeed “inconsistent” with the provisions of section 262 of the Town Law. In Callanan Rd. Improvement Co. v Town of Newburgh (6 Misc 2d 1071, 1073), a case similar to the instant situation, the court voided a Town of Newburgh Zoning Ordinance which varied permissible uses in a business and industrial zone. The court found that the Newburgh ordinance offended the provisions of section 262 of the Town Law which requires that a zoning ordinance be uniform throughout a district. The Town of Newburgh, therefore, could not prohibit the conduct of quarrying operations in part of a business and industrial zone and allow quarrying in another part of such zone.
The State Legislature, by enacting section 262 of the Town Law and granting the power to the town to establish zoning districts has specifically circumscribed the town’s zoning power by requiring uniformity both within and throughout identical zoning districts. While this court does *955 not agree that the statutory definition of “inconsistent” should be the equivalent of “different” as held in Friendly Hillside Motel v Town of Brunswick (74 Misc 2d 1001), it does consider Ramapo’s enactment in terms of whether it is “contradictory”, “incompatible” or “unharmonious” with the general laws of the State. (Town of Clifton Park v C. P. Enterprises, 45 AD2d 96.) The uniformity of use within and throughout similar districts’ requirements of section 262 of the Town Law is not merely a procedural or administrative detail similar to the alternative form of notice which was being scrutinized in Town of Clifton Park v C. P. Enterprises (supra; Yoga Soc. of N. Y. v Incorporated Town of Monroe, 56 AD2d 842). Rather, the uniformity of districts’ wording of section 262 constitutes a limitation on the zoning powers which have been granted to the town by the State. It constitutes a mandatory, binding directive to the town to promulgate use regulations which shall be uniform within and throughout identical districts. More particularly, section 376-33 violates section 262 of the Town Law by not applying uniform regulations for two-family semiattached residences within the R-15 district which is the subject of this action and by not providing for uniform regulation of the same structures throughout the remainder of the town’s R-15 districts. Absent an express statutory delegation, a town lacks the power to enact, amend or enforce zoning or other land use regulations and, in the absence of such a grant, such regulations shall be deemed ultra vires and void. (Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359.) Therefore, absent any other existing provision of law, the town must strictly adhere to the statutory zoning mandate of section 262 of the Town Law.
With respect to Issue No. II, the court finds that neither section 10 (subd 1, par [ii], cl d, subd [3]) of the Municipal Home Rule Law nor the Statute of Local Governments constitutes authority for the town to promulgate section 376-33. A local government such as the Town of Ramapo has no inherent power to enact or enforce a zoning ordinance. Although article IX of the New York State Constitution grants a local government the power to enact local laws which relate to their “property, affairs or govern *956 ment”, the courts have consistently held that this grant of power is not a constitutional delegation of authority to the local government to enact zoning regulations. Therefore, the authority of the Town of Ramapo to enact zoning laws must be found in the enabling statutes. (Matter of Barker v Switzer, 209 App Div 151; 1 Anderson, New York Zoning Law and Practice [2d ed], §3.03.)
Subdivision 6 of section 10 of the Statute of Local Governments gives the Town of Ramapo the power to “adopt, amend and repeal zoning regulations.” However, the preamble to section 10 of the Statute of Local Governments provides that the powers granted to the local government “shall at all times be subject to such purposes, standards and procedures as the legislature may have heretofore prescribed or may hereafter prescribe”. It would, therefore, appear that this language has preserved the existing statutory limitations on the zoning powers of local governments; more particularly, the district uniformity limitations contained in section 262 of the Town Law. (1 Anderson, New York Zoning Law and Practice [2d ed], §§3.03, 3.06.)
Considering defendant Town of Ramapo’s reliance upon section 10 (subd 1, par [ii], cl d, subdcl [3]) of the Municipal Home Rule Law (hereinafter referred to as clause [d] [3]), the court finds that there is no basis to respondents’ contention that this section grants respondent the power to supersede or amend portions of the Town Law which relate to the town’s zoning power. (Town Law, § 261 et seq.) Before examining the impact of clause [d] [3] or the town’s zoning powers, it is necessary to analyze the structure of section 10 (subd 1, par [ii]) of the Municipal Home Rule Law which gives the local government the power to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general law whether or not it relates to the property, affairs or government of such local government. In section 10 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule Law, the statute further delineates those particular areas where the town may exercise the afore-mentioned powers, i.e., the power to adopt and amend local laws not inconsistent with the provisions of general law. (N.B. None of these areas of authorization relates to the town’s zoning power.)
*957 In the first portion of clause [d] [3], the town is given the power to amend or supersede portions of the Town Law which relate to “the property, affairs or government of the town”. Since this wording does not amount to a constitutional grant of the zoning power (see Matter of Barker v Switzer, 209 App Div 151, supra; 1 Anderson, New York Zoning Law and Practice [2d ed], § 3.03) the same statutory language in clause [d] [3] does not constitute a grant of power to the town government to supersede or amend sections of the Town Law which relate to zoning. (Town Law, § 261 et seq.) Moreover, this statutory language manifests a legislative intent to restrict the town’s power to amend or supersede the provisions of the Town Law in areas which do not relate to the “property, affairs or government of the town”.
The remaining language of clause [d] [3] which permits the town to amend or supersede “other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law” does not authorize the town to enact a provision which is inconsistent with the provisions of section 262 of the Town Law. The wording, “the extent to which it is authorized to adopt local laws by this section” refers to the powers specifically enumerated in section 10 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule Law. The enactment of clause [d] [3] effectively granted the town the power it lacked under section 10 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule Law to enact local laws which are inconsistent with the provisions of general law. In effect, this portion of clause [d] [3] carved out those powers enumerated in section 10 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule as an exception to the “inconsistency” restrictions of section 10 (subd 1, par [ii]) of the Municipal Home Rule Law. Otherwise stated, insofar as section 10 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule Law powers are concerned, the section 10 (subd 1, par [ii]) of the Municipal Home Rule Law inconsistency prohibition has been repealed insofar as clause [d] [3] now permits the enactment in the section 10 *958 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule Law subject areas, of local laws which are inconsistent with the provisions of general law. Therefore, since section 10 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule Law does not refer to the zoning power, the court finds that this remaining language of clause [d] [3] does not empower the town to amend or supersede the provisions of section 262 of the Town Law.
The case of Rozler v Franger (61 AD2d 46) has been cited by the respondents as authority for the proposition that section 10 (subd 1, par [ii], cl d, subcl [3]) of the Municipal Home Rule Law constitutes authority for superseding the provisions of section 262 of the Town Law. The court finds this case to be inapposite since it dealt with a local law which was inconsistent with a provision of the Village Law, but was one of the specifically enumerated powers contained in section 10 (subd 1, par [ii], cl a, subcls [1]-[12]) of the Municipal Home Rule Law; more specifically, section 10 (subd 1, par [ii], cl a, subcl [1]) of the Municipal Home Rule Law. Clearly, therefore, the village had the authority under section 10 (subd 1, par [ii], cl e, subcl [3]) of the Municipal Home Rule Law to enact a provision which was inconsistent with the provisions of the Village Law. The holding of Rozler is, accordingly, consistent with the reasoning employed by this court in analyzing the statutory framework of section 10 of the Municipal Home Rule Law.
Accordingly, the court finds (1) that section 376-33 of the Ramapo Town Zoning Local Law is inconsistent with provisions of section 262 of the Town Law and (2) that the enactment of section 10 (subd 1, par [ii], cl d, subcl [3]) of the Municipal Home Rule Law does not grant the respondent the power to amend or supersede the provisions of the Town Law which relate to zoning, more particularly, the district uniformity requirements of section 262 of the Town Law.
Since there are no triable issues of fact, the plaintiff’s motion for summary judgment is granted. Submit judgment on notice declaring section 376-33 of the Ramapo Town Zoning Local Law as void and illegal on the grounds that its provisions are inconsistent with section 262 of the Town Law and that respondent was without authority *959 under section 10 (subd 1, par [ii], cl d, subcl [3]) of the Municipal Home Rule Law to enact a Town Law inconsistent with the provisions of section 262 of the Town Law.