VILLAGE OF SAVONA, Respondent, v MAYNARD SOLES et al., Appellants. (Appeal No. 1.) — Judgment unanimously affirmed, without costs. Memorandum: In appealing from a judgment restraining and enjoining their use of a mobile home on property owned by them in the Village of Savona, defendants argue, *inter alia,* that the zoning law being enforced against them was not validly enacted. The law in question which divided the Village of Savona into zoning districts was enacted in November, 1970 and is known as "Village of Savona — Local Law No. 1-1970." The effective date of the law was March 17, 1971. Defendants attack the validity of the law's enactment because of the alleged failure of the village to comply with certain provisions of the Village Law. In resolving this question, the law to be applied is that which existed at the time Local Law No. 1 was enacted, sections 178 and 95 of the former Village Law (the Village Law was repealed in its entirety and re-enacted in 1972 [L 1972, ch 892]). Subdivision 1 of section 178 of the former Village Law provided for a public hearing prior to the adoption of a zoning ordinance with publication in the official newspaper of the village of a notice of the time and place of the hearing at least 15 days prior thereto. Subdivision 2 of former section 178 provided for the entry in the minutes of the village board of the zoning ordinance adopted and publication of a copy of the ordinance once in the official newspaper and in addition, conspicuous posting of a copy at or near the main entrance to the office of the village clerk. The ordinance was then effective 10 days after the posting and publication. Affidavits of posting and publication were required to be filed with the village clerk. Section 95 of the former Village Law, dealing with village ordinances generally, was much to the same effect but required posting in at least three public places in the village. It is conceded that the text of Local Law No. 1 was not transcribed into the minute book of the village board although a copy was kept in a cabinet in

the village clerk's office near the minute book readily available for inspection. This omission, however, is not fatal to the law's validity where there is no serious dispute over the text of the ordinance, the minutes contain a clear reference to it and the evidence shows that a copy of the ordinance was kept on file by the clerk *(Northern Operating Corp. v Town of Ramapo,* 26 NY2d 404). Also conceded is the fact that no publication or posting of the text of the ordinance took place after approval by the town board as required by section 178 of the former Village Law. Thus, had Local Law No. 1 been enacted pursuant to Village Law, this failure would render the ordinance ineffective (1 Anderson, New York Zoning Law and Practice [2d ed], § 4.25, p 116). However, Local Law No. 1-1970, in the strict sense, is a zoning law, not a true zoning ordinance. Zoning regulations may be enacted by local law pursuant to subdivision 2 of section 10 of the Municipal Home Rule Law *(Yoga Soc. of N. Y. v Incorporated Town of Monroe,* 56 AD2d 842; *Town of Clifton Park v C. P. Enterprises,* 45 AD2d 96; 1 Anderson, New York Zoning Law and Practice [2d ed], § 4.24). Section 10 (subd 1, par [i]) of the Municipal Home Rule Law provides: "every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government". Clearly, zoning laws relate to property within a village and Local Law No. 1-1970 is not inconsistent with any general law or the Constitution. When a zoning regulation is enacted by local law, the publication and posting requirements of the Village Law need not be met as long as the notice and hearing requirements of section 20 of the Municipal Home Rule Law are fulfilled *(Yoga Soc. of N. Y. v Incorporated Town of Monroe, supra,* p 843; 1 Anderson, New York Zoning Law and Practice [2d ed], § 4.13, p 102). Here notice of the public hearing was properly given, bearing the title of the proposed law and a brief explanatory statement. Postadoption posting and publication was not required and the minimum requirements of notice of a public hearing only, contained in subdivision 5 of section 20 of the Municipal Home Rule Law, were met, making Local Law No. 1-1970 immune from challenge. While it may seem anomalous that a village may ignore the procedural requirements of the Village Law by the simple expedient of enacting its zoning scheme pursuant to the Municipal Home Rule Law, this option has been legislatively created and may only be changed by the Legislature. Defendants further argue that they are entitled to maintain the mobile home on their property because they have a nonconforming use, having occupied a mobile home there since before the enactment of Local Law No. 1. This argument must fail. Local Law No. 1 expressly limits owners of nonconforming "house trailers" to replacement of existing trailers. The mobile home in dispute is in addition to one already on the premises and constitutes an illegal expansion of a nonconforming use *(Matter of Cave v Zoning Bd. of Appeals of Vil. of Fredonia,* 49 AD2d 228, 233). We have considered defendants' remaining arguments on this appeal and find them to be without merit. Simultaneous with the entry of the judgment in this matter, the trial court entered an order staying enforcement of the judgment and directing a hearing on the status of the health of defendant Maynard Soles. This order was entered *sua sponte* by the court without any motion therefor having been made and without notice to any of the parties. Although it is clear from our decision herein that we consider the stay improvidently granted, plaintiff's appeal from this order must be dismissed. CPLR 5701 (subd [a], par 2) provides for an appeal as of right "from an order not specified in subdivision (b), where the motion if decided was made upon notice". Under proper procedure, plaintiff should have sought leave to appeal or moved before County Court, on notice, to vacate the order. An appeal as of right would then lie from an adverse

determination of the motion to vacate (see Siegel, New York Practice, § 526). (Appeal from judgment of Steuben Supreme Court, Purple, J. — injunction — mobile home.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.