SECOND DEPARTMENT, MARCH, 1985

(March 4, 1985)

■ ALSCOT INVESTING CORP., Appellant, v ALBERT LAIBACH, as Assessor of the Village of Rockville Centre, et al., Respondents. — In an action for a judgment declaring the invalidity of a local law of the defendant village, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated February 6, 1984, as denied its motion for summary judgment.

Order modified, on the law, by deleting the provision denying defendants' cross motion for summary judgment and by adding thereto a provision granting said cross motion, declaring that the local law in question is valid and dismissing the plaintiff's complaint in all other respects. As so modified, order affirmed, with costs to respondents.

The record establishes that the proposed local law was introduced by the Mayor of the Village of Rockville Centre at the November 1, 1976 meeting of the Board of Trustees at the commencement of the public hearing thereon and that a trustee formally moved for the local law's adoption at the close of the hearing. Therefore, the proposed local law was introduced "by a member of the legislative body at a meeting of such body" in accordance with Municipal Home Rule Law § 20 (4).

Moreover, there is no statutory requirement that the full text of the proposed local law be printed in the minutes of the adopting board's meeting (*cf.* Town Law § 264; *see, Northern Operating Corp. v Town of Ramapo*, 26 NY2d 404). Although plaintiff asserts that there are material and substantial discrepancies between the proposed law as set forth in Board minutes and the text ultimately filed with the Secretary of State, it neglects to point out these alleged substantial discrepancies nor does it demonstrate that they resulted in uncertainty as to what was enacted. The minutes clearly indicate that the Board wished to enact a local law superseding Real Property Tax Law § 485-b and reducing the real estate taxation exemption thereunder to 0%. This is precisely what the local law filed with the Secretary of State accomplished. Our review of the record demonstrates that the Municipal Home Rule Law's notice and public

hearing requirements were met and that the text of the law as ultimately filed was before the Board members when they voted to adopt it.

We conclude that plaintiff has failed to establish any departure of substance from the statutory requirements sufficient to overcome the presumption that the local law has been validly enacted (*see, Coutant v Town of Poughkeepsie,* 69 AD2d 506). Accordingly, as plaintiff fails to raise any triable issues of fact, we grant defendants' cross motion for summary judgment and declare that the local law was validly enacted. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.