In the Matter of FRANK SCHILLING et al., Appellants, v JAMES L. DUNNE, as Village Justice of the Incorporated Village of Sea Cliff, et al., Respondents.

Second Department, September 2, 1986

**APPEARANCES OF COUNSEL**

*Martin, Van De Walle, Guarino & Donohue (Joseph A. Guarino* of counsel), for appellants.

*Richard Allen Siegel, Village Attorney,* respondent *pro se,* and for Incorporated Village of Sea Cliff, respondent.

## OPINION OF THE COURT

WEINSTEIN, J.

 The instant appeal calls upon us to determine whether Special Term erred in concluding that the enactment of Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff which purported to adopt Code of the Incorporated Village of Sea Cliff chapter 138, entitled "Zoning", in conformity with the Municipal Home Rule Law, effectively superseded the otherwise applicable requirements under Village Law § 7-706. In affirming the judgment dismissing the action and proceeding, we conclude that no error was committed and proceed to examine the factual posture in which this appeal has arisen.

At a regular meeting of the Village Board of Trustees held on September 17, 1979, a resolution was adopted approving Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff. The effective date of Code of the Incorporated Village of Sea Cliff chapter 138 thus adopted was October 15, 1979.

The petitioners are the owner and lessees of real property situated in the Incorporated Village of Sea Cliff. The subject premises, which were being utilized at all times pertinent hereto for the operation of an automobile repair body shop business, had been the site of business activities for nearly a century.

The genesis of the underlying dispute can be traced to the events of February 5, 1982. On that date, the village caused the petitioners Schilling and DiGiovanni to be served with two summonses and informations each alleging violations of Village Code § 138-801 for operating an automobile repair body shop business on the subject premises. Significantly, the petitioner Schilling purchased the premises after the initial summonses were issued in February 1982. He was thus aware at the time of purchase of the violations alleged by the village. A trial was thereafter conducted with respect to said informations. While that action was pending, the village served 100 additional summonses and informations upon the petitioners all relating to the conduct of their businesses on the subject property.

The petitioners thereupon moved by order to show cause for an order enjoining the respondents from prosecuting any criminal action or proceedings against them based upon alleged violations of Village Code chapter 138. In their accompanying petition and complaint, the petitioners alleged that in enacting the subject local law, the respondents failed to com-

ply with Village Law § 7-706 (2), which requires, *inter alia,* that "[e]very zoning law and every amendment thereto (including any map incorporated therein) adopted pursuant to the provisions of this chapter shall be entered in the minutes of the village board".

It was conceded by the village and its attorney that the zoning map was not entered into the minute book and that placement of the text of the local law into the minutes was accomplished by taking a copy of the zoning ordinance as published in the *Glen Cove Guardian,* punching holes in the article as published and attaching it to the minute book. As set forth in their answer, "[t]he Zoning Map, which is approximately 2 feet × 3 feet, was so large and cumbersome that to place it in the minute book would have been impractical and would have served no purpose".

Apart from the aforesaid irregularity, the village and its attorney noted that, as required by Municipal Home Rule Law § 27 as well as by the resolution adopting the zoning ordinance, a copy of the local law was filed with the Secretary of State and was placed in a separate file in the office of the Village Clerk. Contained in that file was the complete text of the zoning ordinance which had been filed with the Secretary of State, including the official zoning map. Moreover, Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff was enacted only after public hearings were conducted to discuss the advisability of adopting it and for which the appropriate notices and postings had been accomplished.

By order dated March 11, 1983, Special Term set the matter down for a hearing and determination on the question of whether the failure to enter the zoning map into the minutes constituted a "departure in substance" from the requirements of the Village Law. Special Term reasoned that the mere failure to include a cumbersome zoning map in the minute book does not compel a conclusion that the enactment was per se invalid *(see, Quick v Town of Owego,* 11 AD2d 285, *affd* 8 NY2d 1144, *remittitur amended* 9 NY2d 649).

Prior to the court-ordered hearing, the village and its attorney indicated an intention to seek leave to amend their answer so as to interpose an affirmative defense premised upon the contention that Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff was validly enacted in conformity with the provisions of the Municipal Home Rule Law, thereby rendering moot the question of whether the text and

map entry requirements of Village Law § 7-706 had been complied with. In support of their motion for leave to amend, they alleged full compliance with the notice and hearing requirements of Municipal Home Rule Law § 20. The aforesaid allegations of compliance were not disputed in the petitioners' opposition papers. Rather, the petitioners argued that nothing in the Municipal Home Rule Law excused the village from also having to comply with the map and text entry requirements of Village Law § 7-706.

Special Term, in a memorandum decision, granted the application of the village and its attorney for leave to amend their answer and thereupon dismissed the petition and complaint, determining that compliance with the procedural requirements of Municipal Home Rule Law § 20 immunized Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff from challenge. Judgment was thereafter entered dismissing the petition and complaint, declaring the subject local law to have been validly and effectively adopted in accordance with the Municipal Home Rule Law and denying as academic the balance of the relief sought in the parties' various motions. The petitioners thereupon brought the instant appeal.

■ We note initially that Special Term did not abuse its discretion in granting the village and its attorney leave to amend their answer. It is settled beyond dispute that permission to amend pleadings should be "freely given" (CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). Under the circumstances presented herein, the petitioners have failed to establish significant prejudice by virtue of the amendment sufficient to override the liberal policy to be followed with respect to CPLR 3025 (b) *(Edenwald Contr. Co. v City of New York, supra).* Moreover, the "mere passage of time or a radical alteration of theory should not be sufficient to deny leave to amend when amendment is otherwise indicated" (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.14; *see also, Kitchner v Kitchner,* 100 AD2d 934, 955; *Brewster v City of New York,* 78 AD2d 667).

In support of their motion for leave to amend, the village and its attorney specifically alleged compliance with Municipal Home Rule Law §§ 20 and 27, pertaining, respectively, to the procedure for adoption of local laws and the filing and publication of local laws. Conspicuously absent from the petitioners' opposition papers was any contention that the applicable requirements of the Municipal Home Rule Law were not satisfied. Nor do the petitioners address the allegations of

compliance or the documents submitted by the village and its attorney in support thereof. The petitioners' claim that Special Term should have permitted them an opportunity to conduct discovery instead of dismissing the petition and complaint is unavailing inasmuch as they should have demanded discovery at an earlier stage of the proceedings. Moreover, at Special Term, the petitioners addressed the issue of whether the Municipal Home Rule Law was controlling but failed to allege improper enactment under that statute. Thus, the petitioners will not now be permitted to argue that Special Term erred in not allowing them to be heard on the issue they themselves chose to ignore.

■ Before reaching the supersession argument, we note that the alleged infractions of the Village Law do not constitute a fatal defect which would necessarily render the enactment of the local law invalid. Neither the failure of a municipal authority to enter a large zoning map into the minute book nor the clerk's stapling of a newspaper copy of a zoning ordinance to the minute book instead of immediately incorporating it into the town's ordinance book has been deemed fatal to the validity of the respective zoning ordinances *(see, Quick v Town of Owego, supra; Northern Operating Corp. v Town of Ramapo,* 26 NY2d 404; *see also, North Shore Child Guidance Assn. v Incorporated Vil. of E. Hills,* 110 AD2d 826, 828; *Alscot Investing Corp. v Laibach,* 109 AD2d 718, *affd* 65 NY2d 1042).* In those cases, where the posting and publication requirements had been satisfied, as has also occurred here, the courts construed the omissions as mere irregularities and nevertheless upheld the subject provisions.

Turning now to the supersession argument, we recognize the well-settled tenet that zoning regulations may be enacted by local law pursuant to Municipal Home Rule Law § 10 *(Matter of Sherman v Frazier,* 84 AD2d 401, 409; *Village of Savona v Soles,* 84 AD2d 683, 684; *Yoga Socy. v Incorporated Town of Monroe,* 56 AD2d 842, 843, *appeal dismissed* 42 NY2d 910; *Town of Clifton Park v C. P. Enters.,* 45 AD2d 96, 97), which provides, in pertinent part:

"1. In addition to powers granted in the constitution, the statute of local governments or in any other law,

"(i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government and,

"(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government".

Municipal Home Rule Law § 10 (1) (ii) (e) (3) empowers villages to amend or effectively supersede any provision of the Village Law relating to the property, affairs or government of the village unless the Legislature has acted to expressly prohibit the adoption of such a local law. As per judicial interpretation, Municipal Home Rule Law § 10 (1) (ii) (e) (3) is not subject to the limitation, set forth in preceding provisions of that section, that any local law adopted thereunder must not be " 'inconsistent with any general law' " (Rozler v Franger, 61 AD2d 46, 52, affd 46 NY2d 760). In sum, the Legislature has conferred upon villages the power to supersede or amend the Village Law, with respect to their own property, affairs or government, through the enactment of local laws in conformity with the Municipal Home Rule Law, notwithstanding that local laws so adopted may be inconsistent with general law. This statutory grant of supersession powers to villages has, moreover, been sustained against constitutional challenge (Rozler v Franger, supra; accord, 1982 Atty Gen [Inf Opns] 151, 227; 1980 Atty Gen [Inf Opns] 175).

■ In the instant case, there is no dispute that the subject matter of Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff concerns a matter of the property, affairs or government of the village within the scope of Municipal Home Rule Law § 10 (1) (ii) (e) (3). Nor has the Legislature expressly proscribed supersession or amendment of Village Law § 7-706. Accordingly, the subject local law is, on its face, authorized by the aforesaid subclause.

To warrant immunization from challenges premised upon a village's alleged failure to conform to Village Law § 7-706, however, the local law must also be shown to have fulfilled the notice and hearing requirements of Municipal Home Rule Law § 20 (Village of Savona v Soles, supra, at p 684; Yoga Socy. v Incorporated Town of Monroe, supra, at p 843; 1 Anderson, New York Zoning Law and Practice § 4.13 [3d ed]).

We conclude, on the basis of the record before us, that Special Term properly determined that the village had complied with the pertinent statutory requirements and that Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff was validly enacted pursuant thereto. The local law embraced only one subject, to wit, zoning. As evidenced by the minutes of the Board of Trustees' meeting of September 17, 1979, the text of the proposed local law in its final form was on the table of all members of the Board of Trustees for at least seven calendar days, exclusive of Sunday, prior to the date of the meeting. Two public hearings to consider the advisability of adopting the proposed local law had been conducted. There is no dispute that appropriate public notice by publication and posting was provided for each of the aforesaid hearings. As further evidenced in the minutes of the September 17, 1979 regular meeting, the local law was adopted after a five-to-nothing vote. Following adoption of Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff, the appropriate filings were made in the offices of the Village Clerk, the New York State Comptroller and the Secretary of State. While the filing of copies of local laws with the Secretary of State and the New York State Comptroller is required by Municipal Home Rule Law § 27 (1), the failure to timely file within five days from the date of adoption does not invalidate or delay the effect of the local law (12 Opns St Comp, 1956, p 7). In sum, sufficient evidence of compliance with the applicable requirements of the Municipal Home Rule Law exists and is, in any event, not a subject of challenge on this appeal.

We reject the petitioners' argument that the supersession power must be circumscribed so as to preclude its applicability in instances where the statutory scheme which is superseded provides for adoption procedures not required under the Municipal Home Rule Law. "While it may seem anomalous that a village may ignore the procedural requirements of the Village Law by the simple expedient of enacting its zoning scheme pursuant to the Municipal Home Rule Law, this option has been legislatively created and may only be changed by the Legislature" *(Village of Savona v Soles,* 84 AD2d 683, 684, *supra).* In advancing their argument in support of curtailing the supersession power authorized by the Municipal Home Rule Law, the petitioners have misconstrued a number of cases dealing with a *town's* inability to enact laws thereunder *(see, e.g., Matter of Helfant v Town of Brookhaven,* 65 AD2d 623, 624; *Yoga Socy. v Incorporated Town of Monroe,* 56 AD2d

842, *supra; Town of Clifton Park v C. P. Enters., supra).* Those cases, which dealt with towns as opposed to villages, involved ordinances enacted prior to the 1976 amendment of Municipal Home Rule Law § 10. The aforesaid amendment extended to towns, in virtually identical language, the supersession powers which villages had possessed as early as 1953 *(Matter of Sherman v Frazier,* 84 AD2d 401, 407-408, *supra).* Consequently, the authority relied upon by the petitioners to advance their position is inapposite under the instant circumstances.

Nor was Local Laws, 1979, No. 38 of the Village of Sea Cliff fatally defective by reason of the village's failure to enunciate an intent to supersede the Village Law or to specifically recite the law being superseded. The failure to so specify does not affect the validity of the local law provided the otherwise applicable requirements have been complied with (Municipal Home Rule Law § 22 [1]).

Inasmuch as a village is empowered to enact a zoning ordinance pursuant to the Municipal Home Rule Law, the enactment of such a law in conformity with the applicable requirements thereunder will result in a valid local law, notwithstanding the fact that the Village Law, which has been thus superseded by the Municipal Home Rule Law, may require a different method of adopting that same law. In the instant case, the enactment of Local Laws, 1979, No. 38 of the Incorporated Village of Sea Cliff in conformity with the notice and hearing requirements set forth in Municipal Home Rule Law § 20 immunized the law from challenge premised upon the village's alleged failure to conform with Village Law § 7-706. Therefore, the instant action and proceeding was properly dismissed.

MOLLEN, P. J., BROWN and LAWRENCE, JJ., concur.

Judgment of the Supreme Court, Nassau County, dated July 23, 1984, affirmed, without costs or disbursements.

Presiding Justice Mollen has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).