■ ALBERT SHERMAN et al., Appellants, v TOWN OF RHINE-BECK et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the 1975 Zoning Ordinance of the Town of Rhinebeck is invalid, the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated February 11, 1986, which directed both parties to submit further evidence on the issue of the validity of a 1971 Local Law, and (2) an order of the same court, dated April 21, 1986, which denied their motion for partial summary judgment.

Ordered that the appeal taken as of right from the order dated February 11, 1986, is dismissed, as it does not affect a substantial right of the appellants (CPLR 5701 [a] [2] [v]); and it is further,

Ordered that the order dated April 21, 1986, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In support of their motion for partial summary judgment, the plaintiffs made a prima facie showing that the Zoning Ordinance enacted by the Town of Rhinebeck pursuant to Town Law article 16 was invalid. Section 620 of article VI of the 1975 Zoning Ordinance expressly repealed the zoning regulations embodied in Local Laws, 1971, No. 1 of the Town of Rhinebeck, which had been previously enacted pursuant to Municipal Home Rule Law article 2. However, a Local Law may not be repealed or amended by an ordinance (see, Matter of Lynch v O'Leary, 166 Misc 567, 571; 1976 Atty Gen [Inf Opns] 127). Both the 1971 Local Law and the 1975 Zoning Ordinance purport to cover the whole subject matter of zoning in the Town of Rhinebeck and each piece of legislation was plainly intended to furnish the only law upon that subject, as evidenced by article one of both the 1971 Local Law and the 1975 Zoning Ordinance. Consequently, the plaintiffs contend that there is no room for reconciliation, rendering the provisions of the 1975 Zoning Ordinance unenforceable.

In opposition to the plaintiffs' motion, the defendants proffered evidence that the town enacted the 1975 Zoning Ordinance and repealed Local Law No. 1 because officials were of the belief that the 1971 Local Law was invalid due to procedural irregularities in its enactment, i.e., there was no compliance with the notice provisions of Town Law §§ 264 and 265. The defendants argue that the 1975 Ordinance is enforceable, because the unenforceable and invalid provisions of Local Law No. 1 of 1971 cannot supersede the provisions of the 1975 Zoning Ordinance.

Summary judgment is a drastic remedy which should not be granted where there is any doubt about the existence of a triable issue of fact (see, Rotuba Extruders v Ceppos, 46 NY2d 223; Cohen v Herbal Concepts, 63 NY2d 379; Sacks v Weiss, 122 AD2d 937, lv dismissed 68 NY2d 997). Here, Special Term properly found that the defendants submitted sufficient evidence to raise a triable issue of fact with regard to the validity of the 1971 Local Law and that a determination of the validity of the 1975 Zoning Ordinance can only be rendered after a

determination of the validity of the 1971 Local Law. In resolving the latter issue, we note that the 1976 amendment to the Municipal Home Rule Law (L 1976, ch 365, § 1), which permits local law to supersede the Town Law in matters of zoning *(see,* Municipal Home Rule Law § 10 [1] [ii] [d] [3]; *Matter of Sherman v Frazier,* 84 AD2d 401; *North Bay Assocs. v Hope,* 116 AD2d 704, *lv denied* 68 NY2d 603; *cf., Matter of Schilling v Dunne,* 119 AD2d 179, 186-187) may not be applied retroactively to legitimitize an earlier conflicting local law *(Matter of Helfant v Town of Brookhaven,* 65 AD2d 623). Prior to the 1976 amendment, a town could validly enact zoning regulations by a local law, pursuant to the Municipal Home Rule Law, provided the local law was not inconsistent with the provisions of the Constitution and with any general law, such as Town Law § 264 or 265 (Municipal Home Rule Law § 10 [1] [i], [ii]). It is noteworthy that the term "inconsistent" is not to be narrowly construed as meaning merely "different," when determining the validity of the 1971 Local Law *(see, Town of Clifton Park v C. P. Enters.,* 45 AD2d 96; *Yoga Socy. v Incorporated Town of Monroe,* 56 AD2d 842).

Lastly, we reject the plaintiffs' contention that the defendants should be estopped in this action from claiming that the 1971 Local Law was not properly adopted. Although a town may be estopped under certain circumstances from questioning the validity of its own enactment *(see generally,* Annotation, *Applicability of Doctrine of Estoppel Against Government and Governmental Agencies,* 1 ALR2d 338, § 8; 6 McQuillan, Municipal Corporations §§ 20.13, 20.14 [3d ed]; 20 NY Jur 2d, Constitutional Law, § 56; 28 Am Jur 2d, Estoppel and Waiver, §§ 128, 129), estoppel is an equitable doctrine; its purpose is to prevent wrong and injustice. Under the facts and circumstances of this case, the equitable rights of the plaintiffs are not predominant *(see, Mount Vernon Trust Co. v City of Mount Vernon,* 12 NYS2d 120, 123, *affd* 265 App Div 940). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.