OPINION OF THE COURT
John R. Tenney, J.
This is a declaratory judgment action to determine the *523 validity of Town of Clay Zoning Ordinance § 30.74 (B) (2). Plaintiff owns a private tennis club near the Woodard Industrial Park zoned as district C-5. The club is operated under a special permit which allows the serving of beverages from vending machines. Plaintiff wishes to provide food and beverages, including alcoholic beverages, to users of the club.
Defendants concede that sale of food and beverages is generally permitted in C-5 zones. However, they have refused to issue a permit because section 30.74 created a 1,000-foot perimeter surrounding the Woodard Industrial Park which prohibits the sale of food and beverages within the 1,000-foot strip. Both parties have moved for summary judgment.
Plaintiff contends that the perimeter limitation is invalid because it is inconsistent with Town Law §§ 261, 262 and 263. Those sections require consistent use regulations in accordance with the zoning plan.
Defendants contend that there is no conflict because the ordinance created a "new” zoning district including the 1,000-foot strip. Town of Clay Zoning Ordinance § 30.21 states that the town is "divided into the following Zoning Districts”. No special zone for the belt surrounding the park is listed. Furthermore, section 30.22 states that all of the zoning districts "are bounded as shown on a map entitled 'Zoning Map of the Town of Clay’ ”. Again, the belt is not set forth. Finally, section 30.74 (B) (2), which creates the belt, is contained within the section which creates and regulates the T-l zone, rather than in an independent section establishing an independent zone.
Since no "new” zone has been created, there is a conflict with Town Law § 262 because of the limitation imposed on this particular portion of a C-5 district, e.g., no food and beverage service. Since all C-5 districts must be treated alike, such a result cannot be upheld. The town contends, however, that even if there is a conflict with the Town Law, it has the right to supersede its provisions under Municipal Home Rule Law § 10. (Matter of Sherman v Frazier, 84 AD2d 401, 408.) This authority is only bounded by constitutional requirements such as procedural due process or equal protection. (Supra, at p 411; Kurzius, Inc. v Incorporated Vil. of Upper Brookville, 51 NY2d 338; but see, Klebetz v Town of Ramapo, 109 Misc 2d 952.)
In this case, however, this authority was not exercised. The *524 belt was created by ordinance, not by local law as required by the Municipal Home Rule Law § 10 (2). This is not, as alleged by defendants, a question of form over substance. Municipal Home Rule Law §2 (9) defines a "Local Law” as a law "adopted pursuant to this chapter or to other authorization of a state statute or charter by the legislative body of a local government * * * but shall not mean or include an ordinance, resolution or other similar act of the legislative body or of any other board or body” (emphasis supplied). Furthermore, and in addition to the different procedural requirements (compare, Town Law § 267 and Municipal Home Rule Law § 20), "a local law shall not become effective before it is filed in the office of the secretary of state” (Municipal Home Rule Law § 27 [3]). Since there is no indication that this section was filed, it would not yet be effective even if all other irregularities were disregarded. Thus, while the town could have superseded the provisions of Town Law § 262, it failed to do so. Since the ordinance is inconsistent with that law, it is invalid. Thus, the judgment of the court is that the attempt to impose an inconsistent restriction on plaintiff in a C-5 district is improper.